UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-81772-Dimitrouleas-McCabe

MICHAEL REGER &
MLR HOLDINGS 2020, LLC,

    Plaintiffs,

v.

ALL THINGS GEL, LLC,
et al.,

    Defendants.
_____/

**PRELIMINARY REPORT & RECOMMENDATION ON PLAINTIFFS' VERIFIED
MOTION TO ENFORCE INJUNCTION, FOR CONTEMPT, AND FOR SANCTIONS**

THIS CAUSE comes before the Court on Plaintiffs' Verified Motion to Enforce Injunction, for Contempt, and for Sanctions ("Motion") (DE 123), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 124). The Court held an evidentiary hearing on March 28, 2024 (DE 216). For the following reasons, the Court issues this Preliminary Report and Recommendation that **GRANTS IN PART AND DENIES IN PART** the Motion and directs Plaintiffs to file an affidavit of reasonable attorneys' fees and costs. Upon receipt of the affidavit, the Court will issue a Final Report and Recommendation.

I.    **OVERVIEW**

    A.    **The Lawsuit**

This is a business litigation dispute involving the alleged misappropriation of intellectual property concerning a fire suppression technology. The operative Complaint (DE 115) alleges that Peter Cordani, while formerly employed as the Chief Technology Officer of GelTech Solutions, Inc. ("GelTech Solutions"), invented numerous fire suppression technologies which GelTech

Solutions used in its product lines, including FireIce, FireIce Shield, Soil2O Dust Control, and Soil2O (DE 115 ¶¶ 14, 17-18, 102).  As part of its Employment Agreement with Peter Cordani, GelTech Solutions retained the intellectual property rights to all inventions, ideas, processes, programs, software, and designs conceived or made by Peter Cordani during the course of his employment (DE 115 ¶ 18, DE 115-1 at 11).

GelTech Solutions eventually went out of business, with its Chief Executive Officer and principal investor, Plaintiff Michael Reger, resigning on January 28, 2020 on the eve of the company's collapse (DE 115 ¶ 27).  A few days later, Reger and GelTech Solutions entered into a settlement agreement by which the company agreed to transfer and assign its intellectual property to Reger in exchange for a release of the debts owed to Reger (DE 115 ¶ 28).  Reger thereafter opened a new business, Co-Plaintiff MLR Holdings 2020, LLC ("MLR"), to manufacturer, market, and sell the FireIce, FireShield, and the other GelTech Solutions' products (DE 115 ¶¶ 31, 32).

In the meantime, the operative Complaint alleges that Peter Cordani left GelTech Solutions and, alongside Co-Defendant Mark Daniels, formed various new companies including the following entities: All Things Gel, LLC ("All Things Gel"); GelTech Labs Corporation; FireIce Gel, LLC; Dynomat, Inc.; Dynotech Laboratories Corp.; Dyntech Laboratories Corp.; Hydroscience, Inc.; and finally, ATG Laboratories Corp. ("ATG Labs") (DE 115 ¶ 33).  The operative Complaints further alleges that Peter Cordani used these new companies to market and sell counterfeit knockoff versions of GelTech Solutions' products, renaming them as "Firestorm," "FireStorm XT," and "Soil MD" (DE 115 ¶¶ 42-45, 108-109, 178, 197; DE 115-4 at 2).

**B.      The Default Order**

At an early point in the case, ATG Labs failed to respond to the version of the Complaint then in place (DE 15), resulting in the entry of a Clerk's Default on June 12, 2023 (DE 93).  As a

result of the default, the Court entered an "Amended Default Judgment Against Defendant ATG Laboratories Corp." (hereafter the "Default Order") on July 21, 2023 (DE 104). The Default Order imposed numerous restrictions on ATG Labs (identified as the "Defaulting Defendant") as well as certain other persons, as follows:

> Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby permanently restrained and enjoined:
>
> a.   Making or disseminating, or causing the making or dissemination of, the Defaulting Defendant's false and misleading claims regarding its "FIRESTORM XT" 20 oz Aerosol or "SOIL MD" or related products, including regarding testing or certifications conducted or achieved, and enjoining any advertising or commercial speech that uses the false and misleading claims, and any variations thereof including false claims that Defaulting Defendant's products are UL certified, have passed UL equivalent tests, have passed UL conformity testing, are deemed environmental[ly] benign by the EPA and/or USDA, protects up to 5,000°F, have been tested by the U.S. Forest Service, are classified as non-toxic to mammals, aquatic, and terrestrial species, that no negative or toxic effects on the environment are anticipated when released in dilution for terrestrial and aquatic ecosystems based on government testing, that Defaulting Defendant's products can reduce irrigation needs, that there is up to 30-50% reduction in irrigation needs saving both water and money, that Defaulting Defendant's products are safe for kids, pets, and the environment, are ecofriendly and/or are compatible with all types of soil and vegetation or any similar false statements regarding Defaulting Defendant's products.
>
> …
>
> d.   Making or disseminating, or causing the making or dissemination of the Defaulting Defendant's false and misleading claims regarding Defaulting Defendant's association with the trademarks and products offered by Michael Reger and/or MLR Holdings 2020, LLC, using similar or identical product packaging, using similar product names, using posters, fliers or other commercial advertising bearing the FIREICE trademark or other of Plaintiffs' trademarks, or statements that any of the Defendant or related parties are successor to GelTech Solutions, Inc.
>
> e.   Making or disseminating or causing the making or dissemination of products or commercial advertising bearing the name "FIRESTORM", "SOIL MD", or GelTech" or any other mark similar to FIREICE, SOIL2O, and GELTECH SOLUTIONS.

(DE 104 at 2-3).

By way of the instant Motion, Plaintiffs allege that the Default Order placed restrictions on Defendants Peter Cordani, Mark Daniels, and Logan Cordani and that these Defendants knowingly and willfully violated such restrictions. Plaintiffs ask the Court to hold these Defendants in civil contempt and to impose sanctions.

## II.     STANDARD

A district court's power to hold a party in civil contempt stems from its inherent power to enforce compliance with its lawful orders. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). "A finding of civil contempt–willful disregard of the authority of the court–must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). To prevail on this Motion, therefore, Plaintiffs must first show a prima facie violation of the Default Order, namely: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

## III.    DISCUSSION

As stated, Plaintiffs seek civil contempt sanctions against Defendants Peter Cordani, Mark Daniels, and Logan Cordani for alleged violations of the Default Order. Before turning to the alleged violations themselves, the Court will first address whether these Defendants fall within the scope of persons subject to the Default Order.

4

### A. Persons Subject to the Default Order

The Default Order applies only to ATG Labs and "its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order" (DE 104 at 2). As to Peter Cordani and Mark Daniels, the Court finds these Defendants to be "officers" or "directors" or "employees" of ATG Labs within the meaning of the Default Order. The Court further finds, based on the evidence adduced at the hearing, that Peter Cordani and Mark Daniels gained actual notice of the Default Order in or around December 2023 (DE 218-19). As such, the Court finds that Peter Cordani and Mark Daniels fall within the scope or persons bound by the Default Order.

As to Logan Cordani, during the hearing, Plaintiffs conceded they were not pursuing any relief as to this Defendant. As such, the Court recommends the Motion be denied as to Logan Cordani.

### B. Alleged Violations

As to the alleged violations, Plaintiffs' initial Motion listed numerous activities allegedly in violation of the Default Order (DE 123). During the evidentiary hearing, however, Plaintiffs narrowed their allegations solely to the following four violations:

(1) maintenance of YouTube channel @PeterCordani2160,

(2) maintenance of YouTube channel @PeterCordani747,

(3) maintenance of the ATG Labs website www.atg-labs.com and YouTube channel @Atglabs6524, and

(4) maintenance of the personal LinkedIn page for Peter Cordani.

The Court will address each of these alleged violations in turn.

### 1.    Maintenance of YouTube Channel @PeterCordani2160

The evidence showed that, at some point prior to Peter Cordani's departure from GelTech Solutions, a representative of GelTech Solutions created a YouTube channel titled "@PeterCordani2160" (Exhibit 7, DE 218-6). The YouTube channel itself indicates "joined May 19, 2014." GelTech Solutions created this YouTube channel for the purpose of marketing, promoting, and selling products such as FireIce, FireIce Shield, and Soil2O. This YouTube channel continued to exist following Peter Cordani's departure from GelTech Solutions, and it continued to exist following entry of the Default Order. Indeed, as of December 2023, this YouTube channel contained active links to numerous videos featuring the FireIce, FireIce Shield, and Soil2O products (DE 218-6).

At the hearing, Peter Cordani testified that he initially took no steps to remove the @PeterCordani2160 YouTube channel because he did not create it and because he lacked the user credentials to edit and/or remove it. Once Plaintiffs filed this Motion, Peter Cordani enlisted the help of Mark Daniels to request YouTube to remove this channel from its server and/or remove the videos from the channel. Together, the two men made online requests to YouTube, via an online platform, to remove the content from at least one channel (although the record does not reflect which channel) (DE 223 at 8-12). As of the date of the evidentiary hearing on this Motion, YouTube had not removed any of the content from the @PeterCordani2160 YouTube channel.

The Court finds no violation of the Default Order based on maintenance of the @PeterCordani2160 YouTube channel. The Court finds that Peter Cordani and Mark Daniels could not remove the offensive content from this YouTube channel because they lacked the user credentials to do so. Nonetheless, the Court orders Peter Cordani to continue to make requests to YouTube to remove the content from the @PeterCordani2160 YouTube channel despite his lack

of username or password. Peter Cordani shall provide YouTube with a copy of this Order as proof that he has been ordered to do so by this Court.

### 2. Maintenance of YouTube Channel @PeterCordani747

The evidence showed that, at some point after Peter Cordani's departure from GelTech Solutions, Peter Cordani or someone acting on his behalf created a YouTube channel titled "@PeterCordani747" (Exhibit 9, DE 218-7). The YouTube channel itself indicates "joined August 1, 2022." This channel continued to exist following entry of the Default Order. Indeed, as of December 2023, this YouTube channel contained active links to numerous videos featuring the FireIce, FireIce Shield, and Soil2O products (DE 218-7).

At the hearing on this Motion, Peter Cordani testified that he initially took no steps to remove the @PeterCordani747 YouTube channel because he did not create it and because he lacked the user credentials to edit and/or remove it. Instead, a third-party contractor performed this work, and the contractor refused to provide Peter Cordani with the credentials due to an ongoing billing dispute.

Once Plaintiffs filed this Motion, Peter Cordani enlisted the help of Mark Daniels to request YouTube to remove this YouTube channel. Together, the two men made online requests to YouTube, via an online platform, to remove the content from at least one channel (although the record does not reflect which channel) (DE 223 at 8-12). As of the date of the evidentiary hearing on this Motion, YouTube had removed all video content from the @PeterCordani747 YouTube channel (DE 218-8).

The Court finds no violation of the Default Order based on maintenance of the @PeterCordani747 YouTube channel. The Court finds that Peter Cordani and Mark Daniels could not remove the offensive content from this YouTube channel because they lacked the user

7

credentials to do so. The Court also notes, at any rate, that YouTube has now removed the video content from this channel.

### 3. Maintenance of the ATG Labs Website www.atg-labs.com and YouTube Channel @Atglabs6524

The evidence showed that, at some point after Peter Cordani's departure from GelTech Solutions, Peter Cordani or someone acting on his behalf created a YouTube channel titled "@atglabs6524" and a website titled "www.atg-labs.com" (Exhibit 5, DE 218-5). The YouTube channel indicates "joined September 1, 2020." The YouTube channel and website were created for the purpose of marketing, promoting, and selling products such as FireStorm, FireStorm XT, and Soil MD. The YouTube channel and website continued to exist following entry of the Default Order. As of December 2023, the YouTube channel contained active links to numerous videos featuring the FireStorm, FireStorm XT, and Soil MD products (DE 218-5). As of December 2023, the website contained no video content.

At the hearing on this Motion, Peter Cordani testified that he initially took no steps to remove the @Atglabs6524 YouTube channel or the www.atg-labs.com website because he did not create them and because he lacked the user credentials to edit and/or remove them. Instead, a third-party contractor performed this work, and the contractor refused to provide Peter Cordani with the credentials due to an ongoing billing dispute.

Once Plaintiffs filed this Motion, Peter Cordani enlisted the help of Mark Daniels to request YouTube to remove the channel and to request the web hosting service to remove the website. Together, the two men made online requests to YouTube, via an online platform, to remove the content from at least one channel (although the record does not reflect which channel) (DE 223 at 8-12). As of the date of the evidentiary hearing on this Motion, YouTube had not removed any of

the content from the @Atglabs6524 YouTube channel. As stated, the ATG Labs' website had no content video content by December 2023.

The Court finds no violation of the Default Order based on maintenance of the ATG Labs YouTube channel and website. The Court finds that Peter Cordani and Mark Daniels could not remove the offensive content from these platforms because they lacked the user credentials to do so. The Court orders Peter Cordani to continue to make requests to YouTube to remove the content from the @Atglabs6524 YouTube channel despite his lack of username or password. Peter Cordani shall use a copy of this Order as proof that he has been ordered to do so by this Court.

### 4. Maintenance of the Personal LinkedIn Page for Peter Cordani

Finally, the evidence showed that, at some unknown date in the past, Peter Cordani or someone acting of his behalf created a personal LinkedIn page. At some other unknown date in the past, Peter Cordani or someone acting on his behalf added several videos to this personal LinkedIn page featuring the FireIce products and links to videos on the @PeterCordani2160 YouTube page (Exhibit 12). This LinkedIn page continued to exist following entry of the Default Order. Indeed, as of December 2023, the LinkedIn page contained active links to numerous videos featuring the FireIce products as well as the @PeterCordani2160 YouTube channel (Exhibit 12).

At the hearing on this Motion, Peter Cordani acknowledged that he has the user credentials to control and edit this LinkedIn page. He testified he took no steps to remove the offensive content from the LinkedIn page because he viewed it as part of his biographical story, akin to a resume.

The Court finds the LinkedIn page to be in violation of the Default Order. Specifically, the Default Order prohibits the following:

> b. Promoting, selling, or otherwise making claims regarding any affiliation by Defaulting Defendant's or related parties' products with any of the Plaintiffs' products, including, but not limited to, the Plaintiffs' FireIce products and trademark or GelTech's products or trademark.

9

> …
>> d. Making or disseminating, or causing the making or dissemination of Defaulting Defendant's false and misleading claims regarding Defaulting Defendant's association with the trademarks and products offered by Michael Reger and/or MLR Holdings 2020, LLC, using similar or identical product packaging, using similar product names, using posters, fliers or other commercial advertising bearing the FireIce trademark or other of Plaintiffs' trademarks, or statements that any of the Defendant or related parties are successor to GelTech Solutions, Inc.

(DE 104 at 2-3). The Default Order contains no exception that allows Peter Cordani to make use of product content or videos in a manner akin to a resume.

## IV. CONCLUSION

For all of the foregoing reasons, the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion is **DENIED** as to Logan Cordani.

2. The Motion is **DENIED** as to Mark Daniels.

3. The Motion is **GRANTED IN PART** as to Peter Cordani.

    a. Peter Cordani shall continue to make requests to YouTube to remove the content of @PeterCordani2160 and @Atglabs6524. He shall provide YouTube with a copy of this Order as proof that he has been ordered to do so by this Court.

    b. Peter Cordani shall remove from his LinkedIn page all posts and/or videos that feature or refer to the FireIce products or the link to the @PeterCordani2160 YouTube page.

    c. Peter Cordani shall pay to Plaintiffs the reasonable attorneys' fees incurred in bringing this Motion. The Court will make adjustments to account for the fact that Plaintiffs achieved only partial success on this Motion. Within

ten days, Plaintiffs shall submit an affidavit to show the fees and costs incurred in bringing this Motion. Once the Court receives this affidavit, the Court will issue a Final Report and Recommendation on this Motion.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of April, 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

11