UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-81772-Dimitrouleas-McCabe

MICHAEL REGER &
MLR HOLDINGS 2020, LLC,

    Plaintiffs,

v.

ALL THINGS GEL, LLC,
et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION ON DE 334

THIS CAUSE comes before the Court on Plaintiffs' Motion for Contempt (DE 309) and Amended Motion for Contempt (DE 334), both of which were referred to the undersigned by United States District Judge William P. Dimitrouleas. (DE 312, DE 336). The Court held an evidentiary hearing on August 19, 2024. (DE 337). For the following reasons, the Court **RECOMMENDS** that both motions be **DENIED.**

**I.   DISCUSSION**

Plaintiffs seek sanctions against Defendant Peter Cordani and other Defendants on three grounds. The Court will address each in turn.

    **A.   The Subpoena Response**

By previous order, the Court set an evidentiary hearing to take place on June 25, 2024 concerning the default damages to be awarded against co-defendant Dyntech Laboratories Inc. ("Dyntech") (DE 278, DE 284). Prior to the June 25 hearing, Plaintiffs served subpoenas duces tecum upon Peter Cordani, individually and in various corporate capacities, calling for him to

appear at the hearing and bring with him 18 categories of documents. (DE 338). Cordani did not object to the subpoenas. He thereafter appeared at the June 25 evidentiary hearing but did not bring the documents with him, nor did he produce the documents to Plaintiffs' counsel prior to the hearing.

Despite hearing over three hours of testimony, the Court could not conclude the June 25 hearing on the Dyntech damages. (DE 300). At Plaintiffs' request, the Court scheduled the Dyntech hearing to continue at an unspecified date in the future following completion of the jury trial in this matter. (DE 317, DE 325). In the meantime, Plaintiffs report that Cordani has produced, via his counsel, nearly 3,000 pages of documents to Plaintiffs, purportedly in response to the pre-hearing subpoenas. (DE 338 at 3).

By way of these pending motions, Plaintiffs seek sanctions against Cordani because (1) he did not bring the documents to the June 25 hearing, and (2) the 3,000 pages he produced afterwards are non-responsive. (DE 334 at 2). As to item (1), the Court declines to award sanctions due to lack of prejudice. The Dyntech hearing has not yet concluded and will continue after the jury trial in this case. As such, Plaintiffs have not suffered any prejudice stemming from Cordani's failure to bring documents to the June 25 hearing.

As to item (2), the Court likewise declines to award sanctions based on lack of prejudice. The Court orders Cordani to produce any additional responsive documents within 10 days of this Report and Recommendation. If Cordani has no additional responsive documents, he shall provide a Notice of Completion of Production, as set forth in Local Rule 26.1(e)(7), to confirm that he and/or his companies have no additional documents to produce.

### B. The Empty Warehouse

Plaintiffs next argue that Cordani violated the District Court's Amended Default Judgment Against Defendant ATG Laboratories Corp. ("ATG Labs") (DE 104) dated July 21, 2023 (hereafter the "Default Order"). In particular, the Default Order prohibited ATG Labs and its officers, directors, employees, and agents from "destroying, altering, removing, or otherwise dealing with unauthorized products …." (DE 104 at 4). The "unauthorized products" included FIREICE, FIRESTORM, SOIL MD, and SOIL2O. (DE 104 at 3).

Plaintiffs allege that Cordani violated the Default Order because he recently destroyed, altered, or removed "unauthorized products" from a warehouse under his control in Jupiter, Florida. (DE 334 at 2). During the evidentiary hearing on this matter, the Court heard testimony from Cordani and Mark Daniels. The testimony established that Cordani and Daniels, or companies under their control, previously leased the warehouse in question. In or around June 2024, however, the warehouse landlord evicted Cordani and Daniels for non-payment of rent and locked them out of the warehouse. Prior to the eviction, Cordani and Daniels did not destroy or remove any unauthorized products. Cordani and Daniels do not know what the landlord did with items left behind in the warehouse following the eviction.

Based on this testimony, the Court finds no violation of the Default Order. The Court therefore declines to award sanctions.

### C. The YouTube Letter

Finally, Plaintiffs seek sanctions against Cordani for failure to comply with the District Court's order dated May 29, 2024 (hereafter the "May 2024 Order"), which provided as follows:

3

> Peter Cordani shall continue to make requests to YouTube to remove the content of @PeterCordani2160 and @Atglabs6524. He shall provide YouTube with a copy of this Order as proof that he has been ordered to do so by this Court.

(DE 282 at 3).

Plaintiffs contend that Cordani has not complied with the May 2024 Order. As proof, Plaintiffs report that they served a subpoena on YouTube and that YouTube never received correspondence of any kind from Cordani. (DE 309 at 1-2).

During the evidentiary hearing on this matter, the Court questioned Cordani regarding his compliance with the May 2024 Order. He claimed to have made telephone calls to YouTube, waiting on hold for a long time before finally talking to someone. When Cordani finally reached someone, the person reported that YouTube could not honor his request to remove the content because he, Cordani, did not own the YouTube channels in question.

Following the hearing, Cordani submitted a declaration again recounting the phone conversation with YouTube. (DE 340-1). The affidavit also claims that, following the May 2024 Order, Cordani engaged the services of an IT professional named Mason Arnao to make efforts to remove the content from YouTube. (DE 340-1). Cordani admits he never sent a copy of the May 2024 Order to YouTube as he was ordered to do. (DE 340-1). He claims to have now done so, and he included as an attachment to his declaration, a copy of his correspondence to YouTube attaching the May 2024 Order. (DE 340-3).

Based on the evidence adduced, the Court declines to award sanctions. Although Cordani previously failed to provide a copy of the May 2024 Order to YouTube, he has now done so. Given the totality of the circumstances, his earlier non-compliance does not warrant sanctions. To remove uncertainty and prevent continued litigation over this issue in the future, the Court

4

recommends that paragraph 3(c)(i) of the May 2024 Order be deemed satisfied and that Cordani be relieved of any further obligation to "continue to make requests to YouTube." (DE 282).

## II.   CONCLUSION & NOTICE OF RIGHT TO OBJECT

For all of the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Contempt (DE 309) and Amended Motion for Contempt (DE 334) be **DENIED**. To remove uncertainty and prevent continued litigation over this issue in the future, the Court further **RECOMMENDS** that paragraph 3(c)(i) of the May 2024 Order be deemed satisfied and that Peter Cordani be relieved of any further obligation to "continue to make requests to YouTube." (DE 282).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS**.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of August 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE