**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MICHAEL REGER; and<br>MLR HOLDINGS 2020, LLC,<br>a Florida limited liability company,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALL THINGS GEL, LLC, et al.<br><br>        Defendants. | Case No. **9:22-cv-81772-WPD**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

Plaintiffs Michael R. Reger and MLR Holdings 2020, LLC (collectively "Plaintiffs"), by and through undersigned counsel, respectfully submits this Motion for Judicial Notice for trial, and states as follows:

1.  Federal Rule of Evidence 201 authorizes courts to take judicial notice of documents. Specifically, pursuant to Fed. R. Evid. 201(c), "[t]he court (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c).

2.  "A district court may properly take judicial notice of items in the public record, such as judicial opinions." *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014) (holding that the district court properly took notice of a prior state court judgment).

3.  "A court may take judicial notice of its own records and the records of inferior courts." *Hooker v. United States*, 2023 WL 3317413, 2 (11th Cir. 2023).

4.  Federal Rule of Evidence 201(f) states that "the court must instruct the jury to accept the noticed fact as conclusive."

5.  Defendant, Peter J. Cordani ("Cordani"), filed a state court action against numerous

1

parties, including Plaintiffs, in the Circuit Court for Palm Beach County, Florida, Case No.: 502021CA007368XXXXMB ("State Action"). Cordani's claims in the State Action against Reger were for Breach of Fiduciary Duty of Good Faith, Waste of Corporate Assets, Unjust Enrichment, Breach of Fiduciary Duty of Loyalty, Invasion of Privacy, and Conversion. Cordani brought a claim in the State Action against MLR for Conversion. Cordani alleged in the State Action that GelTech Solutions, Inc. ("GelTech") was looted by Reger when GelTech's board of directors voted to transfer all of GelTech's assets, including the "intellectual property of GelTech and which was the primary and most valuable asset of GelTech," to Reger in January 2020 to settle a secured debt owed by GelTech to Reger.

All of Cordani's claims in the State Action against Plaintiffs were "dismissed with prejudice" by the State Court by granting Summary Judgment in favor of Defendants. The Order Granting Michael Reger's Motion for Summary Judgment is attached hereto as **Exhibit "A"**, the Order Granting Lawrence Reger's, Luciana Jamison's, David Jamison's and MLR Holdings 2020, LLC's Motions for Summary Judgment is attached hereto as **Exhibit "B"**, the Order Granting Michael Hull's Motion for Summary Judgment is attached hereto as **Exhibit "C"**, and the Order Granting Victor Trotter's and Neil Reger's Motion for Summary Judgment is attached hereto as **Exhibit "D"** (collectively referred to as the Judgments"). Also, attached hereto is Cordani's Second Amended Complaint in the State Action as **Exhibit "E"**, and Plaintiffs' Answer and Affirmative Defenses in the State Action as **Exhibit "F"**.

6. ATG Laboratories Corp. ("ATG") filed for bankruptcy in the United States Bankruptcy Court Southern District of Florida, Case No.: 23-10244-EPK. ATG's Voluntary Petition for Non-Invidiuals Filing for Bankruptcy is attached hereto as **Exhibit "G"**, and ATG's Declaration Under Penalty of Perjury for Non-Individual Debtors is attached hereto as **Exhibit "H"**.

7. Cordani filed for bankruptcy in the United States Bankruptcy Court Southern District of Florida, Case No.: 23-14226-EPK. Cordani's Voluntary Petition for Individuals Filing for Bankruptcy is attached hereto as **Exhibit "I"**, and Cordani's Notice of Chapter 13 Bankruptcy Case is attached hereto as **Exhibit "J"**.

8. The Plaintiffs respectfully request that the Court take judicial notice of the aforementioned items, as well as the operative pleadings and default judgments entered in this action as are specifically identified below.

WHEREFORE, Plaintiffs, respectfully request that this Court take judicial notice for trial of:

1) The Judgments attached as **Exhibit "A", Exhibit "B"**, **Exhibit "C", and Exhibit "D"** for their existence and the substance of the court's ruling;

2) Cordani's Second Amended Complaint in the State Action, **Exhibit "E",** for its existence;

3) Plaintiffs' Answer and Affirmative Defenses in the State Action, **Exhibit "F"**, for its existence;

4) Plaintiffs' Amended Complaint in this action, **DE 15**, for its existence;

5) Plaintiffs' Second Amended Complaint in this action, **DE 110** as well its exhibits **DE 110-1 through DE 110-6**, for its existence;

6) Defendants Answer and Affirmative Defenses, **DE 141**, for its existence;

7) Order Granting Plaintiffs' Motion for Default Judgment Against Dyno Tech Laboratories Corp, Geltech Labs Corporation, Dyno Tech Laboratories Corp, Dynomat Inc., Whale Tank Ventures Inc., Logans Wipe Magic Inc., and Fireice Gel, LLC, **DE 54**, for its existence and ruling of liability;

8) Amended Default Judgment Against Defendant ATG Laboratories Corp, **DE 104**, for its existence and ruling of liability;

9) Default Judgment as to Liability Against Defendant Dyntech Laboratories Inc., **DE 196**, for its existence and ruling of liability;

3

10) ATG's Voluntary Petition for Non-Individuals Filing for Bankruptcy, **Exhibit "G"**, for its existence;

11) ATG's Declaration Under Penalty of Perjury for Non-Individual Debtors, **Exhibit "H"**, for its existence;

12) Cordani's Voluntary Petition for Individuals Filing for Bankruptcy, **Exhibit "I"**, for its existence; and

13) Cordani's Notice of Chapter 13 Bankruptcy Case, **Exhibit "J"**, for its existence.

### CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1(a)(3)

Undersigned counsel hereby certifies that Plaintiffs have conferred with Defendants' counsel who did not have any objections to Plaintiffs' request that the Court take judicial notice of the attached documents.

>
> Respectfully submitted,
>
> GrayRobinson, P.A.
> 515 North Flagler Drive, Ste. 650
> West Palm Beach, Florida 33401
> Tel: (561) 268-5727
> Fax: (561) 268-5747
>
> By: */s/ Dane E. Leitner*
>     Dane E. Leitner
>     Florida Bar No. 91181
>     dane.leitner@gray-robinson.com
>     *Co-Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Dane E. Leitner*
Dane E. Leitner (FBN 91181)
GRAY ROBINSON, P.A.