## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF
## FLORIDA

MICHAEL REGER; and
MLR HOLDINGS 2020, LLC,
a Florida limited liability company,

        Plaintiffs,

        v.

ALL THINGS GEL, LLC, et al.

        Defendants.

Case No. **9:22-cv-81772-WPD**

**JURY TRIAL DEMANDED**

## JOINT PRETRIAL STIPULATION

The parties, Plaintiffs Michael R. Reger and MLR Holdings 2020, LLC, and Defendants, Peter J. Cordani, Mark Daniels and Logan Cordani, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 26(a)(3), L.R. 16.1(e), and this Court's Scheduling Order [DE-70] dated May 4, 2023, hereby file their pretrial stipulation.

**(1)**      **CONCISE STATEMENT OF THE CASE BY EACH PARTY**

**Plaintiff's Statement of the Case:**

GelTech Solutions, Inc, was a publicly traded company. Plaintiff, Michael Reger was the primary shareholder and primary secured creditor of the company. GelTech's two main product lines were FireIce and Soil 20. FireIce is a gel used to efficiently put out fires. Soil20 is a gel used to improve growth and conserve water. The formulas for FireIce and Soil20 were assets of GelTech Solutions, Inc. Defendant, Peter J. Cordani, owned stock in GelTech, and over the years Cordani worked in various positions such as GelTech's Chief Technology Officer, Chief Executive Officer, and was on the Board of Directors.

GelTech spent over ten years and millions of dollars on research and development to improve and market the products, including having the products tested and certified by various governmental agencies regarding its effectiveness and environmental safety in order to make the products more valuable to its customers.  Unfortunately, due to financial issues GelTech could not continue to operate. As a result, GelTech assigned all its assets to Michael Reger in exchange for his cancellation of the nearly Seven Million Dollars owed to him which was secured by GelTech's assets.

After GelTech's assets had been transferred to Michael Reger, Defendants asked Michael Reger to give them an exclusive license to market FireIce and Soil20.  Mr. Reger rejected the request as he was going to continue to sell FireIce and Soil20.  As a result, Defendants created knock off products called FireStorm and SoilMD.  Defendants marketed these products to GelTech's customers, using GelTech's vendors and hiring former GelTech employees.  Defendants copied GelTech's label information regarding their products' testing and certifications and they made the same claims about their knock-off products even though no such testing or certifications had been obtained and they copied GelTech's safety data sheets to use for their products.  Defendants tricked customers, and investors, into believing that FireStorm and SoilMD were essentially the same product as FireIce and Soil20.  Defendants operated through a number of different companies with similar names to further their schemes. Through these various companies the Defendants have created confusion in the marketplace regarding the true owner of the intellectual property rights associated with the creation of FireIce and Soil20.

Michael Reger has the right to market his products without the confusion and false claims of the Defendants.  The Defendants do not have the right to use the trade secret formula owned by Michael Reger or confidential suppliers to create their knock-off products, and the public has the

right to received products which have *actually* been tested for safety and efficiency without being tricked into buying a knock-off product with false claims about testing and certifications.

**Defendant's Statement of the Case:**

Plaintiffs have sued Defendants in a nine count Second Amended Complaint asserting various causes of action to include violation of federal and state law, an employment agreement, breach of fiduciary duty all centered around whether Plaintiffs whom contend they owned the right to the material that Defendants engaged in false advertising, misappropriation of trade secrets, copyright infringement and as a result Plaintiffs have been damaged. Defendants deny all of Plaintiffs claims and have asserted numerous defenses to each of Plaintiffs claims. Defendants refer to their issues of law and fact in this pretrial stipulation below which breaks down the issues of law and fact for consideration by the jury.

### (2)      THE BASIS OF FEDERAL JURISDICTION

This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to Section 39 of the Lanham Act, 15 U.S.C § 1121(a) and 28 U.S.C. § 1331.

### (3)      PLEADINGS RAISING THE ISSUES

1.      Plaintiff's Second Amended Complaint [DE110].

2.      Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [DE141]

### (4)      UNRESOLVED MOTIONS REQUIRING ACTION BY THE COURT

1.      Plaintiffs' Second Motion for Contempt and Sanctions [DE309]

2.      Plaintiffs' Amended Second Motion for Contempt and Sanctions [DE334]

3.      Damage and Remedies against defaulted All Things Gel, LLC, Dynotech Laboratories Corp, Dyntech Laboratories Inc., Logans' Wipe Magic Inc., Geltech

Labs Corporation, ATG Laboratories Corp, Dynomat Inc., Whale Tank Ventures, Inc., FireIce Gel, LLC, Peter J Cordani Inc.

4.     Plaintiffs' Omnibus Motion in Limine

5.     Plaintiffs' Motion to Take Judicial Notice of State Court Final Judgments

**(5)**     **CONCISE STATEMENT OF UNCONTESTED FACTS**

### Formation of GelTech Solutions, Inc.

1.     Dyn-O-Mat, Inc. (Dyn-O-Mat) was formed in 1994 by William Cordani (Peter Cordani's Father) and was administratively dissolved for failure to file its annual business report in September 25, 2009.

2.     At one time Dyn-O-Mat had over 150 shareholders who invested in Dyn-O-Mat.

3.     Peter Cordani was the Chief Executive Officer of Dyn-O-Mat from its inception until February 2007.

4.     GelTech Solutions, Inc. was incorporated in Florida on July 19, 2006, by its promoters, Dyn-O-Mat, Michael Cordani and Peter Cordani ("GelTech FL").

5.     After incorporation, GelTech FL became a wholly-owned subsidiary of Dyn-O-Mat.

6.     After its incorporation, GelTech FL sold 385,000 shares of common stock to 9 accredited investors at $1.00 per share.

7.     GelTech Solutions, Inc was incorporated in Delaware on November 8, 2006 ("GelTech  DE").

8.     On November 15, 2006, GelTech FL merged into GelTech DE ("Merger").

9.     After the Merger, GelTech DE was the surviving corporation owning all the assets of GelTech FL and GelTech FL was dissolved.

10.     On July 11, 2007, GelTech DE filed an application with the State of Florida to conduct business in the State of Florida as a foreign corporation.

11.     Peter Cordani was the Chief Technology Officer of GelTech FL and GelTech DE from their inception.

12.     Peter Cordani became director of GelTech DE on July 3, 2007.

4

13.     On May 29, 2007, GelTech DE sold 2,250,000 shares at $0.667 per share and 225,000 warrants exercisable at $1.00 per share to Michael Reger for $1,500,000 ("Initial Reger GelTech DE Purchase").

14.     On July 20, 2006, GelTech DE and Dyn-O-Mat entered into a purchase agreement, whereby Dyn-O-Mat received 7,250,000 shares of GelTech DE common stock in exchange for its intellectual property and other limited assets.

15.     In late June 2007, Dyn-O-Mat, the parent corporation of GelTech DE, completed an exchange offer with its shareholders whereby Dyn-O-Mat shareholders received GelTech DE shares in exchange for its Dyn-O-Mat shares ("Exchange Offer").

16.     More than150 Dyn-O-Mat shareholders accepted the exchange offer, and Dyn-O-Mat transferred 5,995,837 of GelTech DE shares to the Dyn-O-Mat shareholders participating in the Exchange Offer.

17.     The Cordani family members, including Mr. Michael Cordani, GelTech DE's Chief Executive Officer, and three trusts controlled by Mr. Michael Cordani, received 2,967,310 shares of common stock in the exchange offer.

18.     Phil O'Connell, a GelTech DE Director, received, received 622,644 shares of GelTech DE common stock and 474,058 warrants exercisable at $1.05 per share in the Exchange Offer.

19.     After the initial Exchange, Dyn-O-Mat's ownership of GelTech DE was reduced from 7,250,000 shares to 1,254,358 shares.

20.     Mike Reger owned no shares in Dyn-O-Mat and did not participate in the exchange offer.

21.     GelTech DE filed for registration of its common shares with the SEC, and received a Notice of Effectiveness on December 27, 2007, and began publicly trading on the OTC Bulletin Board in June 2006. On October 1, 2015, GelTech DE was approved for listing on the OTCQB.

22.     GelTech DE initially marketed and sold three products (1) RootGel – a line of agricultural moisture retention products, (2) FireIce – a fire suppression product which GelTech at one time had a patent pending with respect to its formulation, (3) IceWear – a garment line to assist in cooling body temperature.

23.     Upon the closing of GelTech 's private placement on May 29, 2007 with respect to the Initial Reger GelTech DE Purchase, GelTech DE placed

orders with a third-party manufacturer for the initial inventory of RootGel. GelTech DE's initial sales of RootGel, consisting of both the sprayable and granular forms, were to Golf Ventures for sale to their customers throughout Florida.

24.    On January 21, 2008, Michael Reger made a second investment in GelTech DE by purchasing 3,303,000 Shares of common stock for the total purchase price of $2,000,0000.

25.    Peter Cordani created the initial proprietary formula for RootGel for GelTech FL which became property of GelTech DE through the Merger. (*Defendants contest this statement*)

26.    RootGel was later rebranded as Soil20 in or around 2010 due to a trademark infringement action initiated by a third-party.

27.     GelTech DE filed a U.S. patent application, Serial No. 11/775,512 for a sprayable form of RootGel, water retention and method for spray application on July10, 2007, Final Rejection was delivered by the USPTO office to GelTech DE on April 12, 2010, and abandoned on October 21, 2010.

28.    GelTech DE filed its application for the Soil20 trademark with the US Patent and Trademark office, and it received trademark registration on February 28, 2012.

29.    The initial proprietary formulation of Soil20 created by Peter Cordani for GelTech FL was subsequently modified by GelTech DE through internal and third-party testing, and new products such as Soil20 Golf were specifically formulated to address the golf industry, which resulted in a relationship with an international distributor, Trigon Turf Sciences, LLC, to serve the golf community under their private label in January 2018. (*Defendants contest this statement*)

30.    GelTech DE filed U.S. patent application, Serial No. 11/680,803 and International Patent application, Serial No. PCT/US07/63075 for FireIce on March 1, 2007. A Final Rejection Notice was sent to GelTech DE May 27,2010, and abandoned on December 12, 2010. *(Defendants contest that it was for trademark only)*

31.    In early 2008, GelTech DE filed its application with the United States Department of Forestry Department to have FireIce listed on the United

States Department of Forestry (the "Department") Qualified Products List ("QPL") to obtain Department approval within U.S. Department of Agriculture Forest Service Specification 5100-306a.

32.   In March 2011, FireIce passed all tests in accordance with Forest Service Specification 5100-306a and was listed on the Department's QPL under the category of Water Enhancers for Wildland Fire Management.

33.   Subsequent to the acceptance of FireIce 561 on the QPL, GelTech filed application with the QPL to have its other products listed. The proprietary formulation for HVB-Fx, the latest product approved and listed on the QPL, incorporated the FireIce formulation, but was enhanced and developed internally by GelTech's Wildland group, in conjunction with third-party chemical engineers. (*Defendants contest this statement*)

34.   As of 2024, the QPL Listed Products are: FireIce 561, FireIce HVB-Fx, and FireIce 561 Cool Blue-F.  FireIce Sunset Orange was removed from the QPL due to certain forest regulations.

35.   GelTech DE filed its application for the FireIce Trademark with the US Patent and Trademark Office, and it received registration on May 20, 2008.

36.   GelTech filed its first Form 10-K for the period ending June 30, 2008 ("GelTech DE First 10-K").

37.   GelTech First 10-K list the following Patents and Patents pending:

U.S. Patent No. 6,315,213 – Method of Modifying Weather; and

U.S. Patent U.S. Serial No. 7,182,778 – Conforming Thermal Pack for IceWear™.

U.S. patent application, Serial No. 11/251,005 for IceWear™;

U.S. patent application, Serial No. 11/680,803 and International Patent application, Serial No. PCT/US07/63075 for FireIce®; and

U.S. patent application, Serial No. 11/775,512 for a sprayable form of RootGel™.

38.   GelTech DE First 10-K was audited by GelTech 's independent Auditor, Salberg & Company.

39.    GelTech DE had a net loss and net cash used in operating activities in 2008 of $1,946,626 and $1,970,757 respectively and had a deficit accumulated during the development stage of $3,258,018 at June 30, 2008.

40.    GelTech's business model focused on the environmentally friendly products: FireIce® gel, FireIce Shield®, Soil2O® Dust Control and Soil2O® moisture retention products, including Soil2O® Topical and Soil2O® Granular.

41.    GelTech®, Soil2O®, and FireIce® are registered trademarks. The trademark registration for Soil2O® has expired.

42.    In January 2020, Michael Reger announced he would no longer continue to fund the company.

43.    The products marketed and sold by Defendants are Firestorm and SoilMD.

44.    In 2020, Peter Cordani and Mark Daniels, a longtime friend of Peter's, formed FireIce Gel, Inc., GelTech Labs Corporation, Dynomat Inc., All Things Gel, LLC and ATG Laboratories Corp.

45.    In 2021 Peter Cordani and Mark Daniels formed Dynotech Laboratories Corp.

46.    In 2023, Peter Cordani and Mark Daniels formed Dyntech Laboratories Inc. and Dynomat Laboratories.

47.    The Defendants' FireStorm and SoilMD products were marketed or sold through All Things Gel, LLC, ATG Laboratories Corp., Dynotech Laboratories Corp., and Dyntech Laboratories Corp.

48.    In 2023 Defendants changed the name of FireStorm to FireFighter with the intention of marketing the product through the newly formed Dynomat Laboratories, Corp.

49.    Brent Hutson was a web and graphic designer for GelTech.

50.    Defendants' Firestorm has not been tested or approved by the U.S. Forest Service and is not listed on their Qualified Product List.

51.    James Andy Lynch and his company, Fire Solutions Group, were hired by GelTech to conduct the necessary testing in order for GelTech's FireIce product and its fire extinguisher to become UL certified.

52.     The UL company helps companies demonstrate safety and achieve regulatory compliance.

53.     When the UL representative requested contact information for GelTech and ATG Labs to verify ATG Labs' rights to the UL file, Mr. Lynch told the UL representative "Peter Cordani…is the past CEO of Geltech Solutions and the New CEO of ATGLabs…He can be the new point of contact for this transfer."  Peter Cordani was copied on the email.

54.     ATG Labs' tri-fold marketing brochures claimed that FireStorm had passed UL equivalent testing.  Peter Cordani contends he was unaware that is claim was being made on ATG Labs' marketing brochures.

55.     Defendants allege that the various personnel they hired were responsible for the false advertising.

56.     Logan Cordani posted a video of himself on social media regarding Firestorm Shield saying it was created by him and his father.

**(6)    ISSUES OF FACT WHICH REQUIRE TO BE LITIGATED AT TRIAL**

*Defendants contend  the following facts are disputed.*

1.      GelTech DE filed its application for the Soil20 Trademark, and it received registration on February 28, 2012.

2.      The initial proprietary formulation for FireIce was created by Peter Cordani for GelTech FL and the proprietary formulation became the property of GelTech DE through the Merger.

3.      In order to market FireIce, GelTech DE was initially required to obtain third-party certification as to its safety.  In late June 2007, GelTech DE engaged an independent laboratory to test the performance and safety of FireIce to determine whether FireIce met standards published by the National Fire Protection Association or NFPA or Underwriter's Laboratories or UL.

4.      In or about early part of 2008, GelTech DE obtained its first third party laboratory testing for FireIce and received UL-711 2-A; UL-711 40-A certifications and a Custom Rubber and Tire Fire Listing. Upon receiving these third-party certifications GelTech DE marketed FireIce® initially to local fire departments and local government officials.

5.      The initial formulation of FireIce has been altered and modified throughout GelTech's 13 year history as a result of internal and third-party testing to

determine and improve its safety, efficacy and its effect on the environment (fish, mammals, amphibians and vegetation).

***Plaintiffs state the following facts likely are unnecessary unless Defendants are permitted to re-litigate claims brought in the State Court Action and/or contest Michael Reger's ownership of GelTech's assets including the FireIce and Soil20 trade secret formulas.***

*Defendants state the following facts are likely unnecessary unless plaintiffs' claims are permitted to litigate in this action their claims in the second amended complaint that should have been brought in the state court action and accordingly, defendants assert that these claims are barred by the doctrine of claim preclusion. That is, the claims should have and were not brought as compulsory or permissive counterclaims in the state court action between the parties.*

6.     Over the years, GelTech has had numerous investors, including Michael Reger, who invested funds in GelTech in reliance upon the representation that GelTech owned the proprietary rights to its products, including FireIce and Soil20.

7.     GelTech spent hundreds of thousands of dollars testing, improving and certifying its products, which was materially necessary to market to its commercial customers.

8.     Peter Cordani executed an Employment Agreement with GelTech Solutions, Inc. in 2011, 2012 and amended the agreement in 2015.

9.     Every year, GelTech's expenses exceeded its income. GelTech kept its doors open through loans and stock purchases.

10.    Each year, GelTech's independent auditors included a comment in their report regarding the fact that GelTech was not a going concern.

11.    In 2019, GelTech had three secured loans outstanding, all of them owed to its board chairman and principal shareholder Michael Reger.

12.    All loans from Michael Reger were approved by the GelTech Board of Directors, reported on SEC Form 10-K and 10-Q filings, and audited by GelTech's independent outside auditor.

13.    GelTech was never able to make cash payments for interest or principle on the Reger secured loans.

14.    Peter Cordani was GelTech's Chief Technology Officer and Director since inception and was GelTech's acting Chief Executive Officer from January 2014 until the end of October 2018.

15.     Peter was the highest paid GelTech employee, receiving a six-figure annual salary.

16.     Michael Reger was GelTech's largest shareholder and largest creditor.

17.     Since inception, GelTech's expenses exceeded its revenue and by September 2019, the accumulated losses were over 56 million dollars.

18.     On January 31, 2020, GelTech's Board voted to assign all of GelTech's assets including its intellectual property to Reger in exchange for cancellation of the approximate $7,000,000 secured debt.

19.     Michael Reger licensed to his company, MLR Holdings, the right to market GelTech's brand of products.

20.     In February 2020, Peter Cordani proposed an exclusive license of the intellectual property assigned to Reger by GelTech.  Michael Reger rejected the proposal.

***Issues Arising from the Pleadings are contested and disputed between the parties***

21.     On May 17, 2024, Michael Reger was issued a patent for the process of manufacturing FireIce.

22.     After GelTech's transfer to Michael Reger, Defendants created various companies to market products similar to the FireIce and Soil20 products marketed and sold by GelTech.

23.     The products marketed by GelTech and later by MLR Holdings are FireIce gel, FireIce Thermal Coat, Soil20, and Soil20 Dust Control.

24.     The base of GelTech's products is a polymer specifically manufactured for GelTech by two confidential suppliers.

25.     The formula for GelTech's products is a trade secret transferred to Michael Reger.

26.     Through the various companies formed after GelTech closed, Defendants ordered multiple polymer shipments from GelTech's confidential suppliers to manufacture their competing products.

27.     Peter Cordani twice testified under oath that he did not sell or promote any products during his one year non-competition period following GelTech's closing. However, here were multiple sales by Defendants' companies during the 1 year non-competition period following GelTech's closing.

28.    Through their various companies Defendants sold their FireStorm and SoilMD or similar products to GelTech's former customers, making the same exact claims regarding their products as were made regarding GelTech's products by copying from GelTech's copyrighted materials, leading customers to falsely believe they were the same products with the same qualities and safety certifications.

29.    At the direction of Peter Cordani and Mark Daniels, Defendants' web designer used GelTech's materials to create a website and brochures for Defendants' products, which advertising contained false claims regarding the products' safety certifications, testing, efficacy, and governmental approvals.

30.    Defendants' companies used GelTech's Soil20 and FireIce safety data sheets and other product materials to create advertising for their SoilMD and FireStorm products.  The SDS falsely alleged that SoilMD and FireStorm had been government tested and proven to safe for plants, mammals, fish, etc.

31.    According to Peter Cordani, he used his knowledge of GelTech's formulas and made changes to the chemical structure of GelTech's products to make the FireStorm and SoilMD products different from GelTech's FireIce and Soil20 products.

32.    Defendants' SoilMD advertising contains testimonials from United Rock Products, Amec Foster Wheeler, Senior Pastor Walter Hoefflin, and Michael Carbonaro in Defendants' trifold brochure for SoilMD. The testimonials were copied from GelTech's literature or website which is copyrighted.  The testimonials were given regarding GelTech's Soil20, not Defendants' SoilMD as falsely alleged in their advertising.

33.    After GelTech closed, Defendants' attempted to steal the UL listing obtained by GelTech and transferred to Michael Reger.

34.    Although FireStorm did not pass UL equivalent testing, ATG Labs claimed on their website and in their marketing brochures that FireStorm had passed UL equivalent testing.

35.    Defendants' website and marketing materials falsely claimed that FireStorm was "tested by the U.S. Forest Service," was "capable of containing a fire up to 5,000° F", was classified by the U.S. Forest Service as "nontoxic to mammals, aquatic and terrestrial species, was deemed environmentally benign by the EPA and USDA." among other false claims.

36.    Included in Defendants' offices is a large trade board advertisement for an All Things Gel product called "Dust Defend." The false claims in the Dust

Defend advertisement was copied directly from published materials regarding GelTech's Soil20 Dust Control Product and falsely claims the product has received approval from Federal, State and Local governments.

37.     In 2023, Defendants attempted to gain investors of one of their companies, Dyntech, using investment brokers, falsely claiming the intellectual property of Dyntech was worth $30,000.

38.     Defendants provided false testimonials to the investment brokers, Geoffrey Shenk and Andrew Miller purportedly regarding FireStorm for use in marketing to potential consumers and investors of Dyntech.

39.     In 2021, Mark Daniels and Peter Cordani prepared a private placement memorandum regarding ATG Laboratories to use in encouraging potential investors to invest in that company.  The private placement memorandum claimed that ATG Laboratories' intellectual property was valued in excess of $30 million.

40.     Miller and Shenk were falsely told that Peter Cordani had licensed his intellectual property rights to Dyntech Labs and that no one else was actively marketing FireIce.

41.     Doug Watler, Trustee of the Watler Family Trust, invested $50,000 to purchase one share of stock in Dyntech, in reliance upon Defendants' false claims.  However, the share was never delivered to Watler, Defendants kept the $50,000 and refused to return the funds.  Defendants closed the company and opened another company called Dynomat Laboratories Corp. to attempt to avoid responsibility to Mr. Watler.

42.     A company owned by Peter Cordani and Logan Cordani ordered polymer product from GelTech's confidential supplier.

43.     Logan Magic products are marketed and displayed with Defendants' other products.

44.     GelTech's posters used by Defendants have registered copyrights (Reg. No. VA 2-319-511) and GelTech's website, its SDS, and its Soil20 website are copyrighted.

45.     Peter Cordani emailed GelTech's confidential information to his personal email address before GelTech closed and Defendants ordered products from GelTech's vendors and marketed to GelTech's customers using Defendants' trade secrets and violating Peter Cordani's employment agreement.

46. Defendants kept changing companies because of Plaintiffs' attempts to legally enforce his rights.

47. Peter Cordani assigned from ATG Labs the FireStorm trademark to himself without consideration. He did so because of the pending litigation and his desire to keep it protected.

48. Defendants ignored all corporate formalities regarding their various companies. They marketed the same products through multiple companies, using the same marketing materials with the company name changed only, and the funds flowing through the various bank accounts of the companies revealed a total lack of separation between companies and the individuals Defendants. The Delaware companies created by Cordani and Daniels, never filed with the State of Florida to be recognized as foreign corporation.

49. Prior to GelTech closing, Peter Cordani secreted away GelTech product which he later sold under the FireStorm label.

50. Peter Cordani put ATG Labs into bankruptcy, falsely testifying that the company had no assets and had made only two sales. Defendants had a warehouse of equipment, inventory with ATG Labs labels shortly after the bankruptcy was voluntarily dismissed.

51. The Jupiter Warehouse formerly used by GelTech and later used by Defendants was the business location for at least 15 of Defendants' companies but rent and other shared expenses were never apportioned or accounted for.

52. Defendants' companies were set for an illegal purpose, to merely unfairly compete with MLR and intentionally use information about their products to deceive customers, only to default each company and move assets to a new company with same purpose and products.

53. Defendants used the Whale Tank Warehouse in Jupiter as a blending facility for ATG products.

54. Logan Cordani maintained an office space at the Jupiter warehouse while permitting Defendants to blend product at his old warehouse for the benefit of the other companies.

55. Logan Cordani stored his Logan Wipe Magic at the Jupiter warehouse without incurring costs or expense.

56. Logan Cordani participated at the investor meeting at the Jupiter Warehouse.

57.  Logan's products were marketed with Defendants' FireStorm and SoilMD products.

58.  Defendants attempted to get Logan Cordani's product UL certified but the product failed testing.

59.  Defendants violated the Lanham Act through false advertising and unfair competition, causing Plaintiffs' damage.

60.  Defendants engaged in unfair and deceptive trade practices through false advertising, causing Plaintiffs' damage.

61.  Defendants infringed on Plaintiffs trademarks by using confusingly similar marks and through reverse palming off of Plaintiffs' products, causing Plaintiffs damage.

62.  Defendants misappropriated Plaintiffs' trade secrets causing Plaintiffs damage, causing Plaintiffs damage.

63.  Defendants unlawfully used Plaintiffs copyrighted materials causing Plaintiffs damage.

64.  Peter Cordani breached his employment agreement by using and failing to keep secret GelTech's trade secrets including its customers, vendors, suppliers, and product formulas, causing Plaintiffs damage.

65.  Peter Cordani breached his fiduciary duty by using and failing to keep secret GelTech's trade secrets including its customers, vendors, suppliers, and product formulas, and by violating GelTech's Settlement Agreement with Michael Reger, causing Plaintiffs damage.

***Defendants propose the following issues of fact. Plaintiffs contend these issues have never been framed by the pleadings, were part of the State Action brought by Peter Cordani and Defendants are barred from relitigating the issues here; are irrelevant to the claims raised in Plaintiffs' Second Amended Complaint, or are contrary to facts admitted by Defendants in these proceedings.***

66): Peter J. Cordani was the original sole inventor over twenty (20) years ago of FireIce and Rootgel.

67): Rootgel changed its name to Soil20 approximately ten (10) years ago.

68): The FireStorm and SoilMD are different formulas constructed only by Peter J. Cordani modified and improved from the original FireIce and Soil20 formulas invented only by Peter J. Cordani.

69): That defendants assert upon GelTech's closing they never marketed FireIce and SoilMD under the names of FireStorm and SoilMD.

70): That any " trade secrets " or proprietary information of FireIce and SoilMD are Peter J. Cordani's and not plaintiffs .

71): That Peter J. Cordani only " assigned " to GelTech Solutions the delivery systems ( not the apparatuses ) not formulas , to GelTech or anyone else .

72): That plaintiffs as of September 9,2022 no longer owned , as a trademark, Soil20as its trademark had expired .

73): That Michael Reger in a letter dated October 19,2019 addressed to Peter J. Cordani and the Board of Directors and employees told GelTech " 2020 shall be a banner year."

74): That Peter J. Cordani initially abstained on voting relating to the closing of GelTech but informed in an email  its attorney( Brian Bernstein ) within 24 hours of the Board meeting that he was objecting to any efforts or attempts or vote to close GelTech.

75): That GelTech not its attorneys never filed with the SEC or any entity a written settlement agree to referenced in its 10-k filing with the SEC.

76): That prior to its ( GelTech) closing Michael Reger

77): That Michael Reger in lieu of cash payments or interest or principal  payments on any loans he made to GelTrch received stock options .

78): That Peter J. Cordani asserts he never authorized his lawyer(s) to propose to Michael Reger a license for GelTech's intellectual property ; Upon learning this occurred , without his authorization or consent , Peter J. Cordani "fired" his lawyer (s).

79): That Peter J. Cordani formed with Mark Daniels companies to disallow Michael Reger from obtaining those names and to allow these new entities to develop and market different products ., to include a fire cooldown "gel" and " plant growth enhancement " product.

80): That Peter J . Cordani only began selling his own proprietary products he devolved only under Firestorm and SoilMD. These products were " ground" products not " sifted " products , and accordingly were different .

81): That any representations included on website or marketing brochures relating to testing adequate testing and certifications were not made by defendants but others without defendants consent authorization or ratification .

82): That defendants assert they never represented to third parties they were the successor to GelTech.

83): That Mark Daniels primarily was just an " investor " in all of the newly crested companies with the exception of assisting Peter J. Cordani on a limited basis with You Tube Google marketing that unbeknownst to Peter J. Cordani excepting his posting on social media  his own book was still in the social domain .

85): Logan Cordani Peter J. Cordani and Mark Daniels assert Logan Cordani was unconnected uninvolved with any of the newly created companies or predecessor companies except his own company .

86): Peter J. Cordani and Mark Daniels not any of the defendants assert they authorized Logan Cordani to post a brief social media post regarding Firestorm Shield to proclaim it was created by Logan Cordani and his father .

87): Peter J. Cordani never had in existence post January 2020 an employment agreement to include a noncompete agreement with Plaintiffs .

88): Peter J. Cordani maintains that the closing of GelTech in January 2020 was unauthorized without his consent and did not result in Peter J. Cordani relinquishing any of his own proprietary rights intellectual property or licensing agreements relating to his own inventions during his career as an inventor

## (7)   CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT

1. Default Judgments have been entered against All Things Gel, LLC, Dynotech Laboratories Corp, Dyntech Laboratories Inc., Logans' Wipe Magic Inc., GelTech Labs Corporation, ATG Laboratories Corp, Dynomat Inc., Whale Tank Ventures, Inc., FireIce Gel, LLC, and Peter J Cordani Inc. ("Defendants' Defaulted Companies") for injunctive relief, damages to be decided post jury trial.

2. The Defaulted Companies engaged in false advertising in violation of the Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and unfair competition in violation of the Lanham Act 15 U.S.C. § 1125(a).

3. The Defaulted Companies infringed on Plaintiffs' trademarks and are guilty of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

4. The Defaulted Companies misappropriated Plaintiffs' trade secrets in violation of the Defend Trade Secrets Act, codified at 18 U.S.C. §§ 1836 and 1839 and Florida Uniform Trade Secrets Act, codified at §688.001, et seq., Fla. Stat.

5.  The Defaulted Companies engaged in unfair and deceptive practices in violation of the Florida Deceptive and Unfair Trade Practices Act Violation, §§ 501.201-212, Fla. Stat.

6.  The Defaulted Companies violated Michael Reger's exclusive rights as provided by 17 U.S.C. § 106 and are guilty of copyright violations.

7.  A foreign company may not transact business in this state until it obtains a certificate of authority from the department. F.S. 605.0902(1), 607.1503(1)

8.  ATG Laboratories, Inc., its officers, directors, employees or agents are prohibited from:

    A. Making or disseminating, or causing the making or dissemination of, the Defaulting Defendant's false and misleading claims regarding its "FIRESTORM XT" 20 oz Aerosol or "SOIL MD" or related products;

    B. Promoting, selling, or otherwise making claims regarding any affiliation by ATG Laboratories or related parties' products with any of the Plaintiffs' products, including, but not limited to, the Plaintiffs' FireIce® products and trademark or GelTech's products or trademark;

    C. Making or disseminating or causing the making or dissemination of products or commercial advertising bearing the name "FIRESTORM", "SOIL MD", or GelTech" or any other mark similar to FIREICE, SOIL2O, and GELTECH SOLUTIONS;

    D. Using, disseminating, or disclosing Plaintiffs' trade secrets to solicit customers and/or develop competing product(s) and/or otherwise use or disclose the identity of GelTech's or Plaintiff's customers, manufacturers, the proprietary formulas developed by the manufacturer for GelTech's exclusive use or GelTech's other trade secrets transferred to Michael Reger and licensed to MLR Holdings 2020, LLC.

9.  Product specification sheets (SDS) fall under the category of "commercial advertising." *See, e.g. Merck Eprova AG v. Gnosis S.p.A*., No. 07 Civ. 5898 (RJS), 2011 U.S. Dist. LEXIS 30683, 2011 WL 1142929, at *4 (S.D.N.Y. Mar. 17, 2011).

10. Whether Defendants should be prohibited from making false statements about David Jamison, Esquire, Dwight Cartwright in an attempt to impugn their integrity.

**(8)    ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

1. Whether Defendants are precluded from litigating claims raised or which could have been raised by Peter Cordani in the State Action against Plaintiffs, Case No. 502021CA007368XXXXMB which claims were "dismissed with prejudice" by the State Court by granting Summary Judgment in favor of Michael Reger and MLR Holdings 2020, LLC.

2. Whether Plaintiffs' claim in the second amended complaint are barred since Defendants contend Plaintiffs impermissibly split their causes of action in this case by not bringing them as a permissive or compulsory counterclaim in the state case, pursuant to Defendants' first affirmative defense.

3. Whether (in addition to the State Court Judgments which have already adjudicated that all of GelTech's intellectual property belong to Reger) Defendants' newly raised claim that Peter Cordani owns FireIce and Soil2O and their formulas has been waived pursuant to Federal Rules of Civil Procedure, Rule 12 because this new defense was never asserted in any responsive pleading.

4. Whether Defendants should be prohibited from playing to the jurors sympathy or emotions by discussing deaths in Cordani's family years ago and by claiming to be the David to Reger's Goliath or falsely alleging that Reger is a "billionaire' or similarly make comments about his homes or possessions.

5. Whether Defendants should be prohibited from claiming "tortious interference" similar claims regarding Reger legally enforcing his rights in these proceedings.

6. Whether the individual Defendants used the Defaulted Companies as alter egos.

7. Whether the individual Defendants are personally liable for the unlawful acts of their Defaulted Companies.

8. Whether Plaintiffs have been damaged as a result of Defendants' false advertising, unfair competition, copyright infringement, misappropriation of trade secret, trademark infringement, unfair and deceptive trade practices, and Peter Cordani's breach of fiduciary duty and breach of employment agreement, if so how much.

9.  Whether Defendants should be enjoined from continuing their unlawful conduct.

10. Whether the Plaintiffs can prove by the greater weight of the evidence that there was a Lanham Act violation by Defendants, as alleged in Count 1 of the Second Amended Complaint, and if, so, the damages, if any to Plaintiffs.

11. Whether Plaintiffs can prove by the greater weight of the evidence that Defendants as alleged in counts 2 and 3 of the Second Amended Complaint engaged in Unfair Competition and Trademark Infringement, and if so, the damages, if any, of the Plaintiffs.

12. Whether Plaintiffs can prove by the greater weight of the evidence as alleged in counts 4 and 5 of the Second Amended Complaint, if Defendants misappropriated trade secrets under Federal law and the Florida Uniform Trade Secrets Act, and if so, the damages if any of the Plaintiffs.

13) Whether Plaintiffs can prove by the greater weight of the evidence whether as alleged in count 6 of the Second Amended Complaint if Defendant Peter J. Cordani breached a duty of loyalty owed to Plaintiffs, and if so, the damages if any of the Plaintiffs.

14) Whether plaintiffs can prove by the greater weight of evidence as alleged in count 7 of the Second Amended Complaint Defendant Peter J. Cordani breached an employment agreement with plaintiffs, and if so, the damages if any of the Plaintiffs.

15) Whether the Plaintiffs can prove by the greater weight of evidence as alleged in count 8 of the Second Amended Complaint whether Defendant committed a violation under the "FDUTPA" And if so, the damages if any of the Plaintiffs.

16) Whether Plaintiffs can prove by the greater weight of evidence as alleged in count 9 of the Second Amended Complaint Defendants committed Copyright Infringement , and if so, the damages if any of the Plaintiffs.

17) The affirmative defenses alleged by Defendants in their answer and affirmative defenses to the Second Amended Complaint to include those set forth in paragraphs 322-324 of their answer (DE 141).

(9)      **LIST OF TRIAL EXHIBITS**

        **<u>Plaintiff's Exhibits</u>**

        See attached Schedule A.

        **<u>Defendant's Exhibits</u>**

        See attached Schedule B.

(10)     **LIST OF TRIAL WITNESSES**

        **<u>Plaintiff's Witnesses</u>**

        See attached Schedule C.

        **<u>Defendant's Witnesses</u>**

        See attached Schedule D.

(11)     **ESTIMATED TRIAL TIME**

The parties estimate the jury trial will take approximately 5 days.  However, it is Plaintiff's position that if Defendants are permitted to re-litigate claims raised unsuccessfully in the State Court Action a full two weeks may be necessary**.**

(12)     **ESTIMATED ATTORNEY'S FEES**

Plaintiff's attorney fees are estimated at $600,000 through trial.

Dated August 23, 2024.

        Respectfully submitted,

        <u>/s/ Denise J. Bleau</u>
        Denise J. Bleau, Esquire
        Florida Bar No. 599514
        TAYLOR ENGLISH DUMA LLP
        9314 Forest Hill Blvd, Suite 335
        Wellington, Florida 33411
        Telephone: (561) 765-6717
        Fax: (770) 434-7376
        Email:   dbleau@taylorenglish.com

Schedule "A"

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

MICHAEL REGER; and  MLR
HOLDINGS 2020, LLC,
a Florida limited liability company,

          Plaintiffs,

     v.

ALL THINGS GEL, LLC, et al.

          Defendants.

Case No. **9:22-cv-81772-WPD**

**JURY TRIAL DEMANDED**

<u>**EXHIBIT LIST**</u>

By stating specific objections to exhibits, the parties do not alleviate their responsibility to introduce and meet admissibility requirements with respect to any exhibit. The parties may abbreviate objections as needed. The number in the "Exhibit Number" column must indicate the pre-marked identification label (*e.g.*, P-1 or D-1).[1]

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-1 | P-1 NOR-506541778-20210309 - patents | | | | |
| P-2 | P-2 NOR-900600711-20210309 - trademarks | | | | |
| P-3 | P-3 Patent and IP Assignment Geltech to Reger | | | | |
| P-4 | P-4 Settlement Agreement | | | | |
| P-5 | P-5 Trademark Assignment Geltech to Reger | | | | |
| P-6 | P-6 Memo Style | | | | |
| P-7 | P-7 Memo Style_Redacted | | | | |
| P-8 | P-8 US6315213(B1) | | | | |
| P-9 | P-9 US6440160(B1) | | | | |

[1] The Plaintiffs' exhibits must be marked numerically with the letter "P" as a prefix; the Defendants' exhibits must be marked numerically with the letter "D" as a prefix.

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-10 | P-10 US7182778(B2) | | | | |
| P-11 | P-11 US7992647(B2) | | | | |
| P-12 | P-12 US8555991(B2) | | | | |
| P-13 | P-13 US8673651(B2) | | | | |
| P-14 | P-14 US8757280(B2) | | | | |
| P-15 | P-15 US8834476(B2) | | | | |
| P-16 | P-16 USD637357(S) | | | | |
| P-17 | P-17 USD649294(S) | | | | |
| P-18 | P-18 USD684662(S1) | | | | |
| P-19 | P-19 1403.083 U.S. Patent Application for Colorized Fire Extinguishing Compositions | | | | |
| P-20 | P-20 FW_ Geltech issued patents | | | | |
| P-21 | P-21 Equine Dust Report 2013 | | | | |
| P-22 | P-22 GT_126_Soil2O_Hansen_Dam_Report | | | | |
| P-23 | P-23 GT_184_Bahia_CS | | | | |
| P-24 | P-24 Soil2O-Saudi Research Report 21.08.2020 | | | | |
| P-25 | P-25 8k Settlement | | | | |
| P-26 | P-26 2018 Collection Agreement GelTech USDA | | | | |
| P-27 | P-27 Andrew Dercher Engineer Consent to hire | | | | |
| P-28 | P-28 Assignment-Contribution Geltech Assets to MLR | | | | |
| P-29 | P-29 Chase Assumption and Mutual Release-Reger and Chase Execution Copyt | | | | |
| P-30 | P-30 Chemical Testing Sulfur Dercher-Not Cordani_ Redacted | | | | |
| P-31 | P-31 Composite Sample Customer Requests-Redacted | | | | |
| P-32 | P-32 Corrosion | | | | |
| P-33 | P-33 Email to Cargill Agriculture 2016 | | | | |
| P-34 | P-34 EMFIDS | | | | |
| P-35 | P-35 FINALLY... New QPL listing for HVB-Fx | | | | |
| P-36 | P-36 Forest Service Bill For Collection | | | | |
| P-37 | P-37 Form-8 QPL Listing Press Release | | | | |
| P-38 | P-38 Mammal and fish toxicity testing | | | | |
| P-39 | P-39 Manufacturer Supply Agreement- | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-40 | P-40 Manufacturing patent | | | | |
| P-41 | P-41 Mike Reger-Slavin-Patent Pending FireIce -Cordani | | | | |
| P-42 | P-42 Mining | | | | |
| P-43 | P-43 Press Releases | | | | |
| P-44 | P-44 QPL June 2024 | | | | |
| P-45 | P-45 Remediation of Commercialized Patents | | | | |
| P-46 | P-46 SDS Comparison - | | | | |
| P-47 | P-47 Trade Secret Agreement GelTech   Agronomics (1) | | | | |
| P-48 | P-48 Trigon emails re interest in MLR Order | | | | |
| P-49 | P-49 UL-GelTech | | | | |
| P-50 | P-50 USDA Forest Service Interim Approval | | | | |
| P-51 | P-51 1st Amd Secured Note and Security Aug 13 2019 | | | | |
| P-52 | P-52 2nd Amd Secured Note and Security Aug 28 2019 | | | | |
| P-53 | P-53 3rd Amd Secured Note and Security Sept 27 2019 | | | | |
| P-54 | P-54 4th Amd Secured Note and Security Sept 27 2019 | | | | |
| P-55 | P-55 5th Amd Secured Note and Security Oct 11 2019 | | | | |
| P-56 | P-56 6th Amd Secured Note and Security Oct 18 2019 | | | | |
| P-57 | P-57 7th Amd Secured Note and Security Oct 25 2019 | | | | |
| P-58 | P-58 8th Amd Secured Note and Security Oct 30 2019 | | | | |
| P-59 | P-59 Secured Note June 18 2019 | | | | |
| P-60 | P-60 Security Agr June 15 2019 | | | | |
| P-61 | P-61 Sept 2012 Related Party Quest from Reger | | | | |
| P-62 | P-62 Copy of Year End 2018 Draft  MS Comments | | | | |
| P-63 | P-63 Email 2019 Michael Hull Option Recomendation Holiday Bonus | | | | |
| P-64 | P-64 Options and Holidays - Michael Hull -2018 Options | | | | |
| P-65 | P-65 Year End 2019  Draft | | | | |
| P-66 | P-66 Year End Bonus and Options | | | | |
| P-67 | P-67 8-K Conversion 2.5M | | | | |
| P-68 | P-68 8k Reger Resignation | | | | |
| P-69 | P-69 10-K emails December 31 2018 | | | | |
| P-70 | P-70 10-K Post Conversion | | | | |
| P-71 | P-71 10-Q September 30 2019 Last 10Q GLTC | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-72 | P-72 2019-06-18  8K re new note | | | | |
| P-73 | P-73 2020-01-07 Peter letter to Reger | | | | |
| P-74 | P-74 Board Call Agenda and Materials - Sept 4 2019 | | | | |
| P-75 | P-75 Brian Bernstein-Email Conversion | | | | |
| P-76 | P-76 Certifications by Peter | | | | |
| P-77 | P-77 Composite - Quarterly Report Report June 30 2018 | | | | |
| P-78 | P-78 Composite Comparison Revenue 3M | | | | |
| P-79 | P-79 Composite-8-K MR Advances on MR 500K plus Loan | | | | |
| P-80 | P-80 Consent to Convert | | | | |
| P-81 | P-81 December 2019 Financial Statements | | | | |
| P-82 | P-82 December Financial 2019 Statements - Michael Hull - | | | | |
| P-83 | P-83 Email and December 2019 Financial Statements | | | | |
| P-84 | P-84 Email and December Financial Statements | | | | |
| P-85 | P-85 Email December Financial Statements 2019  Michael Hull - Outlook | | | | |
| P-86 | P-86 Email re right person | | | | |
| P-87 | P-87 Emails re underwriter | | | | |
| P-88 | P-88 Form 4 MR 2.5 Million Conversion | | | | |
| P-89 | P-89 FW_  Board Meeting October  Financials and September Board Call Minutes - Michael Hull - Outlook | | | | |
| P-90 | P-90 GelTech Solutions, Inc. Form 8-K Current Report Filed 2020-01-28 | | | | |
| P-91 | P-91 GLTC Consent 104K Final MR Loan | | | | |
| P-92 | P-92 Hull's Spreadsheet | | | | |
| P-93 | P-93 Payroll Deferral - Michael Hull - O | | | | |
| P-94 | P-94 Peter's Proposed License Agr | | | | |
| P-95 | P-95 Post Conversion Quarterly Report June 30 2018 | | | | |
| P-96 | P-96 Post Resignation communications w Board | | | | |
| P-97 | P-97 Post Resignation communications w Board-2 | | | | |
| P-98 | P-98 Re Mike as ceo | | | | |
| P-99 | P-99 SC 13D  A Michael Reger Updated | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-100 | P-100 Security Agreement with UCC-1 | | | | |
| P-101 | P-101 2-2019 Audit Committee Questionnaire | | | | |
| P-102 | P-102 3-2019 Auditor letter | | | | |
| P-103 | P-103 Audit Committee Charter | | | | |
| P-104 | P-104 Composite-GelTech - 12-31-18 Audit - ACL audit committee | | | | |
| P-105 | P-105 Resignation | | | | |
| P-106 | P-106 2020-ATG-SoilMD-DustControl-SDS | | | | |
| P-107 | P-107 2020-ATG-SoilMD-Topical-SDS | | | | |
| P-108 | P-108 2020-ATG-Topical-Brochure-11x17-TOPRINT | | | | |
| P-109 | P-109 2020-FireStorm-WeldShield-SDS | | | | |
| P-110 | P-110 2020-FireStormXT-SDS | | | | |
| P-111 | P-111    2020-idigify-ATG-FireStorm-Brochure-11x17-TOPRINT | | | | |
| P-112 | P-112    2020-idigify-ATG-FireStorm-Weld-Brochure-11x17-TOPRINT | | | | |
| P-113 | P-113    2020-idigify-ATG-Soil-DustControlBrochure-11x17-TOPRINT | | | | |
| P-114 | P-114  2020-idigify-ATG-Soil-Granular-Brochure-11x17-TOPRINT | | | | |
| P-115 | P-115 ATG Lab Corp-Website US Forestry Tested | | | | |
| P-116 | P-116 ATG-Labs.com - About | | | | |
| P-117 | P-117 ATG-Labs.com - Contact | | | | |
| P-118 | P-118 ATG-Labs.com - Home Page - 1 | | | | |
| P-119 | P-119 ATG-Labs.com - Home Page - 2 | | | | |
| P-120 | P-120 ATG-Labs.com - Industries - Agriculture | | | | |
| P-121 | P-121 ATG-Labs.com - Industries - Construction - 1 | | | | |
| P-122 | P-122 ATG-Labs.com - Industries - Construction - 2 | | | | |
| P-123 | P-123 ATG-Labs.com - Industries - Firefighting - 1 | | | | |
| P-124 | P-124 ATG-Labs.com - Industries - Firefighting - 2 | | | | |
| P-125 | P-125 ATG-Labs.com - Industries - Industrial - 1 | | | | |
| P-126 | P-126 ATG-Labs.com - Industries - Industrial - 2 | | | | |
| P-127 | P-127 ATG-Labs.com - Industries | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-128 | P-128 ATG-Labs.com - News & Media - 1 | | | | |
| P-129 | P-129 ATG-Labs.com - News & Media - 2 | | | | |
| P-130 | P-130 ATG-Labs.com - News & Media - 3 | | | | |
| P-131 | P-131 ATG-Labs.com - News & Media - 4 | | | | |
| P-132 | P-132 ATG-Labs.com - News & Media - 5 | | | | |
| P-133 | P-133 ATG-Labs.com - News & Media - 6 | | | | |
| P-134 | P-134 ATG-Labs.com - Products - Firestorm - 1 | | | | |
| P-135 | P-135 ATG-Labs.com - Products - Firestorm - 2 | | | | |
| P-136 | P-136 ATG-Labs.com - Products - Logans Magic - 1 | | | | |
| P-137 | P-137 ATG-Labs.com - Products - Logans Magic - 2 | | | | |
| P-138 | P-138 ATG-Labs.com - Products - Soil MD - 1 | | | | |
| P-139 | P-139 ATG-Labs.com - Products - Soil MD – 2 | | | | |
| P-140 | P-140 ATG-Labs.com - Products Page | | | | |
| P-141 | P-141 Ex 14-Brent NDA | | | | |
| P-142 | P-142 Exhibit 42-IMG_1408 | | | | |
| P-143 | P-143 Exhibit 43-2019 FireIceXT Promo Launch | | | | |
| P-144 | P-144 Hutson web page- | | | | |
| P-145 | P-145 Exhibit 002 Summers | | | | |
| P-146 | P-146 Exhibit 003 Summers | | | | |
| P-147 | P-147 Exhibit 004 Summers | | | | |
| P-148 | P-148 Exhibit 005 Summers | | | | |
| P-149 | P-149 Exhibit 008 Summers | | | | |
| P-150 | P-150 Exhibit 009 Summers | | | | |
| P-151 | P-151 Exhibit 010 Summers | | | | |
| P-152 | P-152 Exhibit 012 Summers | | | | |
| P-153 | P-153 2017 QPL and email | | | | |
| P-154 | P-154 Agriculture, Turf & Timber _ Soil2O | | | | |
| P-155 | P-155 Amec Foster Wheeler Solves Dust Problem | | | | |
| P-156 | P-156 Dust Defend | | | | |
| P-157 | P-157 FireIce Advertisement | | | | |
| P-158 | P-158 FireIce Shield Gel SDS - Peter Cordani - Paul Chrisle Email | | | | |
| P-159 | P-159 FireIce Shield SDS Paul to Peter (1) | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-160 | P-160 FireIce Shield SDS Paul to Peter | | | | |
| P-161 | P-161 Guardian Christle emails | | | | |
| P-162 | P-162 Homeowner & Consumer _ Soil2O | | | | |
| P-163 | P-163 Mining Download White Paper- Dust Defender | | | | |
| P-164 | P-164 QPL MSDS Testing and Listing | | | | |
| P-165 | P-165 RE Aerosol Gel (FireIce) | | | | |
| P-166 | P-166 RE   soil2o sell sheet - Paul Christle - 2 | | | | |
| P-167 | P-167 RE   soil2o sell sheet - Paul Christle - Outlook | | | | |
| P-168 | P-168 Soil2O-SellSheet-29.7.2019-Final-Web | | | | |
| P-169 | P-169 Soil20 Sodding and Seeding and Pre-Planting Compare Soil20 | | | | |
| P-170 | P-170 Soil20 website | | | | |
| P-171 | P-171 Soil20 website2 | | | | |
| P-172 | P-172 Soil20 website3 | | | | |
| P-173 | P-173 Sunniland MLR Order documents | | | | |
| P-174 | P-174 Dynotech Pitch Decks to Sunniland | | | | |
| P-175 | P-175 Dyntech extinguisher | | | | |
| P-176 | P-176 Dyntech pail | | | | |
| P-177 | P-177 Dyntech Price List | | | | |
| P-178 | P-178 Fire Shield product | | | | |
| P-179 | P-179 Thermal coat | | | | |
| P-180 | P-180 Bruce requesting info re golf course testing | | | | |
| P-181 | P-181 Dupe w Shenk-June 8, 2023 email | | | | |
| P-182 | P-182 Email re Zoom meeting with attorneys Shenk and Miller-4 | | | | |
| P-183 | P-183 Emails re issues with Shenk Miller deal | | | | |
| P-184 | P-184 Gleason Testimonial sent to Shenk-Miller | | | | |
| P-185 | P-185 Peter's 2nd cease and desist to Bruce | | | | |
| P-186 | P-186 Request for UL, Forest cert etc | | | | |
| P-187 | P-187 Selz email to Bruce | | | | |
| P-188 | P-188 Shamrock Filling LLC | | | | |
| P-189 | P-189 SNF cease and desist email | | | | |
| P-190 | P-190 Stone email re Shenk and Miller | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-191 | P-191 Stone email re SoilMD FAQ | | | | |
| P-192 | P-192 UL Invoice email | | | | |
| P-193 | P-193 Screenshot_2024-01-19-12-28-27 | | | | |
| P-194 | P -194IMG_1211[40] | | | | |
| P-195 | P-195 IMG_1215 | | | | |
| P-196 | P-196 IMG_1259 | | | | |
| P-197 | P-197 IMG_1260 | | | | |
| P-198 | P-198 IMG_1265 | | | | |
| P-199 | P-199 IMG_1267 | | | | |
| P-200 | P-200 IMG_1268 | | | | |
| P-201 | P-201 IMG_1269 | | | | |
| P-202 | P-202 IMG_1287 | | | | |
| P-203 | P-203 IMG_1290 | | | | |
| P-204 | P-204 IMG_1375 | | | | |
| P-205 | P-205 IMG_1380 | | | | |
| P-206 | P-206 IMG_1383 | | | | |
| P-207 | P-207 IMG_1618 | | | | |
| P-208 | P-208 IMG_1679 | | | | |
| P-209 | P-209 IMG_5204 | | | | |
| P-210 | P-210 IMG_5205 | | | | |
| P-211 | P-211 IMG_5206 | | | | |
| P-212 | P-212 IMG_5207 | | | | |
| P-213 | P-213 Investor Letter | | | | |
| P-214 | P-214 June 8, 2023 email | | | | |
| P-215 | P-215 Letter to Mark  8.9 | | | | |
| P-216 | P-216 Shenk-Miller Texts to Peter | | | | |
| P-217 | P-217 Text re investment | | | | |
| P-218 | P-218 Warehouse | | | | |
| P-219 | P-219 ATG Laboratories Corp | | | | |
| P-220 | P-220 Detail by Registered Agent Name | | | | |
| P-221 | P-221 Division of Corporations - DynTech | | | | |
| P-222 | P-222 Dyn-O-Mat Inc | | | | |
| P-223 | P-223 Dynomat, Inc | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-224 | P-224 FireIce Gel, Inc. | | | | |
| P-225 | P-225 GELTECH LABS CORPORATION | | | | |
| P-226 | P-226 LOGAN'S EXCLUSIVES, LLC | | | | |
| P-227 | P-227 PETER J. CORDANI, INC. | | | | |
| P-228 | P-228 Whale Tank Productions Corp DE | | | | |
| P-229 | P-229 Whale Tank Ventures Inc DE | | | | |
| P-230 | P-230 Whale Tank Ventures LLC | | | | |
| P-231 | P-231 Whale tank Ventures, Inc. | | | | |
| P-232 | P-232 PC Rogs March 7, 2024 | | | | |
| P-233 | P-233 PC Rogs March 19, 2024 | | | | |
| P-234 | P-234 PC Rogs March 19, 2024 | | | | |
| P-235 | P-235 PC Rogs March 26, 2024 | | | | |
| P-236 | P-236 PC Rogs March 27, 2024 | | | | |
| P-237 | P-237 Email GLTC - Important - 10-15 Board Call Tomorrow-1 | | | | |
| P-238 | P-238 Email re $104K more from Reger | | | | |
| P-239 | P-239 Email re GelTech - CEO (2) | | | | |
| P-240 | P-240 Email re GelTech - CEO (3) | | | | |
| P-241 | P-241 Email re GLTC - Trading Stock-2 | | | | |
| P-242 | P-242 Email re Important (10) | | | | |
| P-243 | P-243 Email re Important (11) | | | | |
| P-244 | P-244 Email re Important (12) | | | | |
| P-245 | P-245 Email re Important (13) | | | | |
| P-246 | P-246 Email re Important (14) | | | | |
| P-247 | P-247 Email re Important (15) | | | | |
| P-248 | P-248  Email re Important (16) | | | | |
| P-249 | P-249 Email re Important (17) | | | | |
| P-250 | P-250 Email re Important (18) | | | | |
| P-251 | P-251 Email re Important (19) | | | | |
| P-252 | P-252 Email re votes re cash payments | | | | |
| P-253 | P-253 Emails re D&O policy | | | | |
| P-254 | P-254 04-15-2021 Int PO 1136 Guardian | | | | |
| P-255 | P-255 05-22-2020 Int PO 1114 Guardian Aerosol Cans | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-256 | P-256 All Things Gel Lease | | | | |
| P-257 | P-257 ATG assignment to Peter | | | | |
| P-258 | P-258 ATG assignment to Peter-2 | | | | |
| P-259 | P-259 ATG Invoice 5-21 | | | | |
| P-260 | P-260 ATG reinstatement | | | | |
| P-261 | P-261 Bank Statement w Watler wire | | | | |
| P-262 | P-262 Binding Agreement-Miller Shenk | | | | |
| P-263 | P-263 Composite exh of income | | | | |
| P-264 | P-264 Composite January 31 emails | | | | |
| P-265 | P-265 Cordani acceptance of UL testing quote | | | | |
| P-266 | P-266 Cordani Cumulative Assignment | | | | |
| P-267 | P-267 Customer requesting Forest Certification etc | | | | |
| P-268 | P-268 Defendant's Production Pages 49-85 (37 pages) | | | | |
| P-269 | P-269 Dynotech Laboratories Lease | | | | |
| P-270 | P-270 Dyntech NDA. | | | | |
| P-271 | P-271 EJ Metals | | | | |
| P-272 | P-272 Email re Austrailia | | | | |
| P-273 | P-273 Email re FireIceXT | | | | |
| P-274 | P-274 Email re possible testing | | | | |
| P-275 | P-275 FireIce Wet SDS-Sent to Peter Cordani own Account | | | | |
| P-276 | P-276 General_Training (1) | | | | |
| P-277 | P-277 General_Training (2) | | | | |
| P-278 | P-278 Greg Johnson text | | | | |
| P-279 | P-279 Iberia Bank email | | | | |
| P-280 | P-280 IMG_1408 (02787265xBE13C) | | | | |
| P-281 | P-281 IMG_1540 | | | | |
| P-282 | P-282 IMG_5238 | | | | |
| P283 | P283 Logan's Tik Toc video | | | | |
| P-284 | P-284 Maryland Fire and Rescue Institute NDA | | | | |
| P-285 | P-285 Michael HULL Cash Payment AP and Cash 1-29-2020 | | | | |
| P-286 | P-286 NDA ATG Guardian | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-287 | P-287 Peter assignment to GelTech | | | | |
| P-288 | P-288 Peter Cordani-Email to Personal Email-David Smith Sunbelt | | | | |
| P-289 | P-289 Peter's $$ | | | | |
| P-290 | P-290 Pic Posters on the wall | | | | |
| P-291 | P-291 pitch deck draft to Peter - tested up to 5000 degrees | | | | |
| P-292 | P-292 Pitch re extinguisher sent to Peter | | | | |
| P-293 | P-293 plastic battery box | | | | |
| P-294 | P-294  PROPOSAL AND SCOPE OF WORK for testing Logan's- | | | | |
| P-295 | P-295 Screen capture of video | | | | |
| P-296 | P-296 SNF cease and desist email | | | | |
| P-297 | P-297 Sunniland Composite Exhibit | | | | |
| P-298 | P-298 UL equ testing Logan's Magic- | | | | |
| P-299 | P-299 UL equ testing Logan's Magic-results | | | | |
| P-300 | P-300 UL Testing Invoice | | | | |
| P-301 | P-301 UL testing Quote Logan's Magic | | | | |
| P-302 | P-302 UL testing | | | | |
| P-303 | P-303 Mark Daniels' Discovery Responses srvd 3-8-24 | | | | |
| P-304 | P-304 Mark Daniels' Discovery Responses srvd 3-19-24 | | | | |
| P-305 | P-305 Mark Daniels' Discovery Responses srvd 3-27-24 | | | | |
| P-306 | P-306 Mark Daniels' Discovery Responses srvd 4-22-24 | | | | |
| P-307 | P-307 Screenshot_20230502_230245_Messages | | | | |
| P-308 | P-308 Whale Tank Productions Corp | | | | |
| P-309 | P-309 Whale Tank Ventures Inc | | | | |
| P-310 | P-310 Whale Tank Ventures LLC | | | | |
| P-311 | P-311 47836 2020-ATG-SoilMD-Granular-SDS_B | | | | |
| P-312 | P-312 47836 2020-ATG-SoilMD-Topical-SDS_B | | | | |
| P-313 | P-313 47836 2020-FireStorm-WeldShield-SDS_B | | | | |
| P-314 | P-314  47836  2020-idigify-ATG-FireStorm-Brochure-11x17-TOPRINT_B | | | | |
| P-315 | P-315  47836  2020-idigify-ATG-Soil-DustControlBrochure-11x17-TOPRINT_B | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-316 | P-316 Invoice  47836 | | | | |
| P-317 | P-317 47836 FIRESTONE WELD SHIELDL_BACK | | | | |
| P-318 | P-318 47836 FIRESTONE WELD SHIELDL_FRONT | | | | |
| P-319 | P-319 47836 FIRESTONE_BACK | | | | |
| P-320 | P-320 47836 FIRESTONE_FRONT | | | | |
| P-321 | P-321 47836 soil dust control BACK | | | | |
| P-322 | P-322 47836 soil dust control FRONT | | | | |
| P-323 | P-323 47836 soil GRANULAR_BACK | | | | |
| P-324 | P-324 47836 soil GRANULAR_FRONT | | | | |
| P-325 | P-325 47836 soil TROPICAL_BACK | | | | |
| P-326 | P-326 47836 soil TROPICAL_FRONT | | | | |
| P-327 | P-327 Invoice_49142 | | | | |
| P-328 | P-328 50357 Soil MD Granular_Front Label - Green_6_25 X 7_75 Inches | | | | |
| P-329 | P-329 50357 Soil MD Topical_Front Label - Silver_6_5 X 5 Inches | | | | |
| P-330 | P-330 Invoice_50357 | | | | |
| P-331 | P-331 51631 decal 6x4  lucas oil logo  1UP_PF | | | | |
| P-332 | P-332 51631 decal 6x4  lucas oil logo  2UP | | | | |
| P-333 | P-333 Invoice  51631 | | | | |
| P-334 | P-334 52078 Peter Cordiani Soil MD_Brochure_1_PF_10 pgs | | | | |
| P-335 | P-335 Invoice  52078 | | | | |
| P-336 | P-336 52092 Logan Decal_1UP_PF | | | | |
| P-337 | P-337 Invoice_52092 | | | | |
| P-338 | P-338  55168  FireFighter  XT_XS  EXTINGUISHER-3_5x4_5-1 Flattened | | | | |
| P-339 | P-339 Invoice_55168-Note | | | | |
| P-340 | P-340 AlphaGraphics Invoice April 2022 | | | | |
| P-341 | P-341 DYNOMAT - FIREFIGHTER LOGO FILE PDF5 | | | | |
| P-342 | P-342 Fwd New logos and art | | | | |
| P-343 | P-343 Graphic changes DYNOMAT and FireFighter logo art | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-344 | P-344 Krebbs email of AlphaGraphics of the Palm Beaches- | | | | |
| P-345 | P-345 Mark-Krebbs email | | | | |
| P-346 | P-346 Peter Cordani- amended art graphic FireFighter | | | | |
| P-347 | P-347 Stress Relief Pillow Card | | | | |
| P-348 | P-348 3-23-19 - Audit email | | | | |
| P-349 | P-349 3-25-19 - Audit email | | | | |
| P-350 | P-350 3-26-19 - Audit email | | | | |
| P-351 | P-351 3-26-19 2- Audit email | | | | |
| P-352 | P-352 3-28-19 - Audit email | | | | |
| P-353 | P-353 3-28-19 2- Audit email | | | | |
| P-354 | P-354 December 31, 2016 Independent Auditor Report | | | | |
| P-355 | P-355 December 31, 2017 Independent Auditor Report | | | | |
| P-356 | P-356 December 31, 2018 Independent Auditor Report | | | | |
| P-357 | P-357 June 30 2008 Independent Auditor Report 10-K | | | | |
| P-358 | P-358 June 30 2009 Independent Auditor Report | | | | |
| P-359 | P-359 June 30 2010 Independent Auditor Report 10K | | | | |
| P-360 | P-360 June 30 2011-Independent Accountant Report 10-K | | | | |
| P-361 | P-361 June 30 2012 Independent Accountants Report | | | | |
| P-362 | P-362 June 30 2013 Independent Accounting Report 10-K | | | | |
| P-363 | P-363 June 30 2014 Independent Accounting Report 10-K | | | | |
| P-364 | P-364 June 30 2015 Independent Auditor Report 10K | | | | |
| P-365 | P-365 2013-1 8-k Mike reger stock for loand due and interest | | | | |
| P-366 | P-366 2013-2 8-K 1 M Note Mike Reger | | | | |
| P-367 | P-367 2015 8-K more interest paid by stock | | | | |
| P-368 | P-368 2016 -1 8-K Interest  Mike Reger  Loan paid by Common Stock | | | | |
| P-369 | P-369 2016 -2 8-K Amending 5M Credit line-Note balance at date | | | | |
| P-370 | P-370 2018 8-K Conversion 2.5M with balance of 4.4M | | | | |
| P-371 | P-371 2019-6-5-Consent Mike Reger 75 K Purchase | | | | |
| P-372 | P-372 2019-6-8-K 500k Loan Mike Reger doc | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-373 | P-373 2019-6-11-Consent Mike Reger 500K Loan Security Agreement | | | | |
| P-374 | P-374 2019-10-11  8K re 100 Loan from Mike | | | | |
| P-375 | P-375 2019-11-1  8K re 75K loan | | | | |
| P-376 | P-376 2019-11-15 8K 120K | | | | |
| P-377 | P-377 2019-11-27 8K 150K | | | | |
| P-378 | P-378 Excerpts 7.23.19 email | | | | |
| P-379 | P-379 Secured Promissory Note 500 8-K | | | | |
| P-380 | P-380 2nd Quarter Consents and BOD Minutes | | | | |
| P-381 | P-381 8-11-10 email and two attachments | | | | |
| P-382 | P-382 2008 10-K | | | | |
| P-383 | P-383 Comments EQR 10-Q-August 2019 | | | | |
| P-384 | P-384 Comments EQR Last 10-Q-June 2018 | | | | |
| P-385 | P-385 Composite Salberg Documents | | | | |
| P-386 | P-386 Debt roll forward-ever sent to Scott | | | | |
| P-387 | P-387 Email and comment to FS-10Q Sept 2019 | | | | |
| P-388 | P-388 Excerpts-Sample Consents - to Salberg Email | | | | |
| P-389 | P-389 Michael Reger Questionnaires  - Composite | | | | |
| P-390 | P-390 No other related party interests-2018-Composite | | | | |
| P-391 | P-391 Peter Cordani Questionnaires From Auditor-Composite | | | | |
| P-392 | P-392 SALBERG – GELTECH SOLUTIONS – 003621  Redacted | | | | |
| P-393 | P-393 Salberg Documents batch 1 0f 2 | | | | |
| P-394 | P-394 Doug Watler Signed - Dyntech Labs Subscription Agreement 6.20.23 | | | | |
| P- 395 | P- 395 Text re investment | | | | |
| P-396 | P-396 11-775,512_Complete Original Application | | | | |
| P-397 | P-397 About GelTech (16Nov2016) | | | | |
| P-398 | P-398 Division of Corporations - Filing Geltech 2 | | | | |
| P-399 | P-399 Division of Corporations - Filing | | | | |
| P-400 | P-400 FORM SB-2 | | | | |
| P-401 | P-401 FORM SB-2 | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-402 | P-402 GelTech FL merger into GelTech DE | | | | |
| P-403 | P-403 Michael Harris-Incorporator of GelTech DE | | | | |
| P-404 | P-404 2015-05-21 signed Amnd 1 | | | | |
| P-405 | P-405 2015-05-21 signed Amnd 2 | | | | |
| P-406 | P-406 Peter Cordani Employment March 10, 2011-Paragraph 11 | | | | |
| P-407 | P-407 Peter's 2012-10-01 Original employment agreement | | | | |
| P-408 | P-408 2011-09-30-GLTC 10-Q | | | | |
| P-409 | P-409 2019-09-30  10Q | | | | |
| P-410 | P-410 2019-09-30 8K | | | | |
| P-411 | P-411 2020-01-28 8K re Mike Resigning | | | | |
| P-412 | P-412 2020-01-31 8K re settlement and resignations of BOD | | | | |
| P-413 | P-413 2020-02-06-GelTech Solutions Filing Articles Feb 2020 | | | | |
| P-414 | P-414 2021.04.29 UCC filing | | | | |
| P-415 | P-415 Annual Report 10K for 2018 | | | | |
| P-416 | P-416 Bernstein and Peter emails re Jan 28 w attached 8K | | | | |
| P-417 | P-417 Brian Bernstein Email-Cordani-Directors-Neil's Resignation is Accepted | | | | |
| P-418 | P-418 Consents 2.5M Brian and Mike | | | | |
| P-419 | P-419 Email Brian Bernstein Consent w attachments | | | | |
| P-420 | P-420 Email Brian Bernstein Consent | | | | |
| P-421 | P-421 Form 4 Cordani Sales | | | | |
| P-422 | P- 422 Ck. Check to Brent 8.7.20 | | | | |
| P-423 | P-423 Stmt. Bank Statement August 2020 | | | | |
| P-424 | P-424 Sig card. Signature Card for new business account 8.6.20 | | | | |
| P-425 | P-425 Wd. Withdrawal from TD Bank 8.14.20 | | | | |
| P-426 | P-426 Deposits | | | | |
| P-427 | P-427 Bank Statement w Watler wire -June 2023 | | | | |
| P-428 | P-428 December Peter J Cordani statement – Dec 2022 | | | | |
| P-429 | P-429 Diane Reeves Loan | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-430 | P-430 Dynomat Corp Resolution 12.01.23 | | | | |
| P-431 | P-431 Dynomat Deposits 12.01.23 | | | | |
| P-432 | P-432 Dynomat Jan - Feb 2024 Stmt-Redacted | | | | |
| P-433 | P-433 Dynomat March check -3.8.24 | | | | |
| P-434 | P-434 Dynomat New Bank Account Opening  Redacted | | | | |
| P-435 | P-435 Dynomat Wires | | | | |
| P-436 | P-436 Dynotech account #1-Sig Card 12.16.21 | | | | |
| P-437 | P-437 Dynotech account #2-Checks – 10.12.22 & 3.10.23 | | | | |
| P-438 | P-438 Dynotech account #2-Dep – Oct & Nov 2022 | | | | |
| P-439 | P-439Dynotech account #2-Sig Card – 9.12.22 | | | | |
| P-440 | P-440 Dynotech account #2-Wd – Nov 2022 | | | | |
| P-441 | P-441 Dynotech Deposits – Dec 2021 – March 2022 | | | | |
| P-442 | P-442 Dyntech Sig Card  4 – 3.10.23 | | | | |
| P-443 | P-443 Dyntech Statements #2 – July 2023 | | | | |
| P-444 | P-444 Dyntech Statements – March 2023 | | | | |
| P-445 | P-445 Dyntech-Ck  2 March 2023 | | | | |
| P-446 | P-446 Dyntech-Dep – Jan 2023 – March 2023 | | | | |
| P-447 | P-447 Jan 2022 Dynotech Stmt - | | | | |
| P-448 | P-448 Jan Dynotech wd | | | | |
| P-449 | P-449 January Smt Dynomat | | | | |
| P-450 | P-450 June Dyntech checks | | | | |
| P-451 | P-451 Logan Cordani stmt – Oct 2022 | | | | |
| P-452 | P-452 Logan Cordani-Dep – Oct 2022 – March 2023 | | | | |
| P-453 | P-453 Logan Cordani-Sig Card – 10.19.22 | | | | |
| P-454 | P-454 2020-03 - Request for GelTech formula | | | | |
| P-455 | P-455 2020-03-18 Whaletank Order of GelTech SAP | | | | |
| P-456 | P-456 2020-08-31 Order - ATG | | | | |
| P-457 | P-457 2020-10-27-Order – Zappa Stewart | | | | |
| P-458 | P-458 2020-10-28 order-Feb 2021 delivery – FireStorm XT | | | | |
| P-459 | P-459 2021-03-25 ATG Labs Order – FireStorm XT | | | | |
| P-460 | P-460 2021-09-21 order - FireStorm | | | | |
| P-461 | P-461 2023-02-03 Order – Zappa Stewart | | | | |
| P-462 | P-462 2023-03-08-Order – Zappa Stewart | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| P-463 | P-463 2023-03-08-Order= Zappa Stewart | | | | |
| P-464 | P-464 2023-03-21 All Things Gel – Zappa Stewart | | | | |
| P-465 | P-465 2023-03-21-Order – Zappa Stewart | | | | |
| P-466 | P-466 2023-05-01-Order – Zappa Stewart | | | | |
| P-467 | P-467 FireStorm XT Power Point | | | | |
| P-468 | P-468 FireStorm XT Brochure | | | | |
| P-469 | P-469 FireStorm XT Composite Emails | | | | |
| P-470 | P-470 SDS - FireStorm XT Aerosol Spray | | | | |
| P-471 | P-471 SDS - FireStorm XT Powder | | | | |
| P-472 | P-472 SDS - FireStorm XT Weld Shield | | | | |
| P-473 | P-473 Covanta Composite Documents | | | | |
| P-474 | P-474 Email and Invoice ATG to Greg Johnson's GelTech Email | | | | |
| P-475 | P-475 Email from Johnson with PO attached-1 | | | | |
| P-476 | P-476 Email from Johnson with PO attached-2 | | | | |
| P-477 | P-477 Email Guardian to Greg Johnson's email NDA | | | | |
| P-478 | P-478 Purchase Order Aerosol-Guardian Protective Services-corrected 10-20 | | | | |
| P-479 | P-479 Purchase Order 501 from GelTech Solutions (1) | | | | |
| | | | | | |

## SCHEDULE  B

DEFENDANTS', PETER J. CORDANI, LOGAN CORDANI and MARK DANIELS

# EXHIBIT LIST

| Exhibit No. | Description Bates Range/Other Source Objections and Reasons |
|---|---|
| D1 | Pictures,  dated 06/26/02,  Peter Cordani torch on hand gel/fire and tire fire demo ( 2 pages ) |
| D2 | Gmail account Peter Cordani (pcordani1961@gmail.com) dated Oct 12, 2017 |
| D3 | Police Report-Jupiter PD, dated 10/16/2017, Report 17-052011 ( 9 pages ) |
| D4 | Police Report-Jupiter PD, dated 03/02/20, Report 20-063118 ( 2 pages ) |
| D5 | Denise Bleau, email dated Jun 12, 2024, notice patent Mr. Reger filed, published Sep. 16, 2021, US 2021/0283448 A1 |
| D6 | Police Report-Jupiter PD, dated 06/17/24, Report 24-156762 ( 2 pages) |
| D7 | Anne Cordani, Affidavit dated February 17, 2020 |
| D8 | Text communications (Group MMS, Peter Cordani, Michael Reger, Dan Simon) "we don't need luck we have Peter" |
| D9 | Daniel Simon, Affidavit dated February 18, 2020 |
| D10 | Dan Simon, email dated February 23, 2017, to Peter Cordani,  discussion "…Mike was doing illegal things…" |
| D11 | Dan Simon, text ( 2 pages ) to Peter Cordani,  "…Reger offered them the utility end of Fire Ice for 7 million…" |
| D12 | USB DRIVE, various videos and media regarding Peter Cordani |
| D13 | Michael Reger letter, Dec 20, 2019 to Geltech Team Members, "We look forward to 2020 being the breakout year…" |
| D14 | Peter Cordani text to Brian Bernstein, concerning board meeting about Michael Reger, loans and Geltech asset matters |
| D15 | Brian Bernstein email dated January 28, 2020, to Geltech board, about selling Geltech entity as public vehicle |
| D16 | Greg Johnson, forwarded to Peter Cordani and Bruce Stone, communication to Michael Reger, dated 2/22/20 |
| D17 | Brian Bernstein, communication dated Jan 31, 2020, regarding resignation of Neil Reger from Geltech |
| D18 | Geltech Minutes, Michael Reger, May 15, 2017 "…Mr. Reger had agreed to accept stock in lieu of cash payments…" |
| D19 | Phillip D. O'Connell, Affidavit Jan 6, 2023, (7pages) "…I have not received a written copy of the settlement proposal…" |
| D20 | Communications with Phil O'Connell, dated FY2017, Anne Cordani,  concerning Geltech/Reger fraud matters |
| D21 | Tony Tricarico, communications,  January 31, 2020 to Michael Reger/Matt Struzziero (4 pages) |
| D22 | Brian Bernstein, communications and establishment of Whale Tank Ventures (56 pages) |

| | |
|---|---|
| D23 | Geltech / Mosler / Klacker documents filed, transfer of assets to Michael Reger (28 pages) |
| D24 | FireIce Solutions/Gerry Kennedy communications  AVM (Michael Reger / Warren Mosler / Rob Printz) (54 pages) |
| D25 | Neil Reger stock sale (9 pages) |
| D26 | Matt Struzziero, ECOTECH Fire Solutions formation 2020-02-06 in Colorado (26 pages) |
| D27 | Geltech 2019 press releases and information about success announcements (152 pages) |
| D28 | Michael Hull, Paul Crystal, David Jamison, communications, password changes, tampering with emails (73 pages) |
| D29 | Logan's Wipe Magic, documents, filings, pictures, labeling, information, tests and ratings (337 pages) |
| D30 | Geltech closing, Affidavit of Marc Thibault, documents, pictures of facility,matters relating to Dave Jamison (55 pages) |
| D31 | Michael Reger, Affidavit and communications, documents (260 pages) |
| D32 | Peter Cordani, letter from attorney Scott Wagner,February 16, 2017, concerns Michael Reger / Geltech fraud (10pages) |
| D33 | Dan Simon, email communications concerning Michael Reger taking the company private (2pages) |
| D34 | Michael Matte, final judgment in favor of Peter Cordani (6 pages) |
| D35 | Geltech / Michael Hull, filings, communications, emails, documents (switched pages in employment docs) (218 pages) |
| D36 | Geltech / communications Peter Cordani, Michael Reger / Michael Hull, Lawrence Reger, signature fraud (207pages) |
| D37 | Geltech filings and relative communications with board (83 pages) |
| D38 | Geltech / Cordani, communications with Dave Jamison, Phil O'Connell, employment agreement (92 pages) |
| D39 | Shenk and Miller (Hydroscience) documents and communications (32 pages) |
| D40 | SNF / Michael Veldez communications, letter to ATG as source supplier of product and data information (30 pages) |
| D41 | Peter Cordani / Dynomat engineering patent designs, Dyno-Gel FY2004,  sprinker and extinguisher systems (38 pages) |
| D42 | Geltech SEC filings, Dave Hopkins lawsuit/settlement , Jerome Eisenberg lawsuit for $25 million (107 pages) |
| D43 | Dyntech subscription agreement, original draft sent with disclosure of lawsuit (sec 3.5) |
| D44 | Neil Reger-profit sharing Keogh et al ( Bernard Madoff ) matter, bankruptcy court |
| D45 | Bruce Stone, communications, testing, photos, reports, documents (264 pages) |
| D46 | Michael Hull-Peter Cordani, email communication Aug 20, 2017, about conflicting documents-employment agreement |
| D47 | Dewight Cartwright, Kathi Allen, documents, police reports, communications (229 pages) |
| D48 | Peter Cordani, patent list schedule 3/23/2018 from McHale-Slavin, Patent attorneys (14 pages) |
| D49 | Peter Cordani emails, communications regarding David Jamison / Ross DiMaggio, subject Geltech closing (16 pages) |
| D50 | Amended Counter-claim in State court action between Peter Cordani and Michael Reger and MLR Holdings 2020 |
| D51 | Geltech SEC 8K filing without attachment of alleged settlement agreement |

Schedule "C"

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

MICHAEL REGER; and
MLR HOLDINGS 2020, LLC,
a Florida limited liability company,

        Plaintiffs,

        v.

ALL THINGS GEL, LLC, et al.

        Defendants.

Case No. **9:22-cv-81772-WPD**

**JURY TRIAL DEMANDED**

\_\_\_\_\_ Evidentiary
  X\_\_\_\_ Trial
\_\_\_\_\_ Other

| | | | |
|---|---|---|---|
| | **WITNESS LIST** | | |
| | <u>X</u> Plaintiffs     \_\_\_\_\_ Defendant | | |
| | **Name** | **Subject and Brief Description of Testimony** | **Date(s) Testified** *(Court Only)* |
| 1. | Michael L. Reger | Plaintiff who will testify regarding the claims in the Second Amended Complaint including damages and will address the false claims raised by Defendants. | |
| 2. | Michael Becker | CPA and former Fire Chief who will testify regarding the importances of certifications and will address the false claims raised by Defendants. | |
| 3. | Brent Hutson | Website and graphics designer who worked for GelTech and was involved in creating advertising for Defendants and will address the false claims raised by Defendants. | |
| 4. | Thomas Summers | Employed by Defendants and has knowledge of copyright violations and false advertising and will address the false claims raised by Defendants. | |

| | | | |
|---|---|---|---|
| 5. | Paul Christle | Employed by GelTech and will testify about the creation of GelTech's copyrighted materials, SDS, GelTech's website, GelTech's testing and will address the false claims raised by Defendants. | |
| 8. | Bruce Stone | This witness worked with Defendants and will testify about their use of GelTech's confidential and proprietary information, their misrepresentations to potential customers and investors, their defrauding Doug Watler out of $50K, their use of various sham companies to hide their scheme, Mark Daniels intimate involvement in Defendants' activities, the overall activities of Defendants and he will address the false claims raised by Defendants. | |
| 9. | Jason Macki | Defendants marketed to this witness who will testify about the false statements made and their use of FireIce relabeled as FireStorm. | |
| 10. | Geoffrey Shenk | This witness will testify about his involvement with Peter Cordani and Mark Daniels, their false representations regarding ownership rights, certifications, the importances of certifications, Defendants' misrepresentations regarding their intellectual property and value, relabeling of products, defrauding Doug Watler out of $50K, Defendants' usurpation of Plaintiffs' business opportunities, Defendants' use of various sham companies to hide their scheme, Defendants' use of GelTech's assets, Mark Daniels intimate involvement in Defendants' activities, the overall activities of Defendants, and will address the false claims raised by Defendants. | |

| 11. | Tom Tremblay | Trigon General Manager former customer of GelTech and later customer of Defendants. | |
| 12. | AlphaGraphics | Graphic designer company used by Defendants to create additional false advertising and further violate Plaintiffs' copyright. | |
| 14. | Doug Watler/The Watler Living Trust | This witness will testify about being defrauded by Defendants into "investing" in Dyntech and their refusal to refund the funds. | |
| 15. | Michael Donohoe | Former FBI and current private investigator involved in background checks and capture of various website information. | |
| 16. | Mark Daniels | Defendant | |
| 17. | Peter Cordani | Defendant | |
| 18. | Logan Cordani | Defendant | |
| 19. | ATG Laboratories Corp | Defaulted Company. Testimony from this Defendant will be through Peter Cordani or Mark Daniels | |
| 20. | All Things Gel, LLC | Defaulted Company. Testimony from this Defendant will be through Peter Cordani or Mark Daniels | |
| 21. | Dyntech Laboratories, Inc. | Defaulted Company. Testimony from this Defendant will be through Peter Cordani or Mark Daniels | |
| 22. | Dynotech Laboratories Corp. | Defaulted Company. Testimony from this Defendant will be through Peter Cordani or Mark Daniels | |
| 23. | Dynomat Laboratories Corp. | Defaulted Company. Testimony from this Defendant will be through Peter Cordani or Mark Daniels | |
| 24. | MLR Holdings 2020, LLC | Testimony from this Plaintiff will be through Michael Reger. | |

|  | **The following witnesses will only be necessary if Peter Cordani is permitted to re-litigate the claims raised and lost in the State Case.** | | |
|---|---|---|---|
| 6 | Michael Harris | If needed, he will testify about Dynomat, the formation and evolution of GelTech, the transfer of intellectual property to GelTech, and will address the false claims raised by Defendants. | |
| 7. | Brian Bernstein | If needed, he will testify about GelTech's operations, Peter Cordani's involvement in the company, Michael Reger's loans, conversions, share purchases, $7 MM debt, assignment of assets to Reger and cancellation of debt, and will address the false claims raised by Defendants. | |
| 13. | Salberg & Company, P.A | If needed, GelTech's independent auditors for many years have intimate knowledge of GelTech's procedures, Reger's loans, GelTech's related party questionnaires, and will address the false claims raised by Defendants. | |
|  | Michael Becker | If needed, Mr. Becker will testify about his time on the GelTech Board and as Chair of the Audit Committee and will address the false claims raised by Defendants. | |
|  |  | | |
|  | **Witness via Deposition** | | |
| 25. | Peter Cordani | | |
| 26. | Dwight Cartwright | | |

| 27. | James Andrew Lynch | | |
| | **Records Custodian through Declaration** | | |
| 28. | Chase Corporation | Business Records | |
| 29. | Covanta Plymouth Renewable Energy nka Reworld Plymouth | Business Records | |
| 30. | Guardian Protective Services | Business Records | |
| 31. | Sunbelt | Business Records | |
| 32. | TD Bank | Business Records | |

## SCHEDULE  D

DEFENDANTS', PETER J. CORDANI, LOGAN CORDANI and MARK DANIELS

# WITNESS LIST

| Name | Subject and brief description of testimony |
|------|--------------------------------------------|
| 1.  MICHAEL SLAVIN | Patent and Trademark matters |
| 2.  MICHAEL REGER | Plaintiff and former CEO of Geltech, financial and daily operations |
| 3.  TONY TRICARICO | Employee of Geltech, business and fireice matters |
| 4.  ANNE CORDANI | Employee of Geltech, mother of Peter Cordani, daily operations |
| 5.  DAN SIMON | Employee of Geltech, accounts and daily operations |
| 6.  KEVIN SPANE | Employee of Geltech, daily operations and technical matters |
| 7.  MARIAN L. HOLLAND | Denise Bleau's partner-wife |
| 8.  CHAD J. STOFFEL | Lives at Denise Beau/Marian L. Holland residence |
| 9.  LISA CORDANI BUSCHER | Former wife of Peter Cordani, character of Peter Cordani |
| 10. NEIL REGER | Board of Director of Geltech, company operations |
| 11. LAWRENCE REGER | Employee and attorney of Geltech, company matters |
| 12. WARREN MOZLER | Investor and President, CFO, Secretary of Geltech, company matters |
| 13. SILVIA KLAKER | Vice President and Employee of Geltech, company matters |
| 14. MICHAEL HARRIS | SEC attorney for Geltech, company matters and SEC filings |
| 15. GERRY KAISER | Employee of Geltech, daily operations and company sales/matters |
| 16. GARY NACHT | Employee of Geltech, company sales and contracts |
| 17. MATTHEW STUZZIERO | Employee and corporate officer-CEO of Geltech, wildland division |
| 18. DAVID JAMISON | Employee and attorney for Geltech, company matters |
| 19. BRIAN BERNSTIEN | SEC attorney and General Counsel of Geltech, legal matters |
| 20. PHIL O'CONNELL | Investor and Board of Director of Geltech, corporate matters |
| 21. QUINT BAREFOOT | Former supplier – Chase, source products and product matters |
| 22. MICHAEL VALDEZ | Former supplier – SNF, source products and product matters |
| 23. TOM SUMMERS | Contractor ATG Labs, graphics and production manager |
| 24. JACK GRUMMET | Investor and sales of Geltech, |
| 25. PAUL CRYSTAL | Employee of Geltech, head of IT and sales |
| 26. ROB PRINCE | Investor and partner of Geltech, was associated to FireIce Solutions |
| 27. MEL WARNER | Investor of Geltech |
| 28. MICHAEL HULL | Employee of Geltech, Treasurer, Secretary, CFO representative |
| 29. LEONARD MASS | Geltech Director |
| 30. VICTOR TROTTER | Geltech Director |
| 31. DAVID GUTMANN | Geltech Director |
| 32. BRUCE STONE | Geltech employee, involved with Peter Cordani post Geltech closing matters |
| 33. GREG JOHNSON | Geltech employee, involved with Peter Cordani post Geltech closing matters |
| 34. STEVEN SELZ | Peter Cordani attorney |